1  Robert A. Espinosa, Esq. CA Bar No. 56961
   **LAW OFFICES OF ROBERT A. ESPINOSA, A.P.C.**
2  1041 State Street
   El Centro, California 92243
3  Tel. No.:  (760) 353-1410
   Fax. No.: (760) 353-1457
4

5  Attorney for Plaintiff
   WILLIAM A. HOGUE, by and through
6  his Guardian Ad Litem, CASSI DePAOLI

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10                                        '07 CV   2229 WQH  (WMC)

   WILLIAM A. HOGUE, by and through   )   Case No.
11 his Guardian Ad Litem CASSI DePAOLI )
                                       )   (DAMAGES EXCEED $25,000)
12                                     )
                                       )   **PLAINTIFF'S COMPLAINT FOR:**
13                  Plaintiff,          )
                                       )   1.  **42 U.S.C. § 1983 CIVIL RIGHTS**
14 vs.                                 )       **VIOLATIONS – UNREASONABLE**
                                       )       **SEARCH AND SEIZURE AND**
15                                     )       **EXCESSIVE FORCE**
   CITY OF HOLTVILLE, A Public Entity; )   2.  **42 U.S.C. § 1983 UNLAWFUL**
16 OFFICER BARRY FORNEY, an            )       **POLICIES, CUSTOMS OR HABITS**
   Individual; OFFICER THOMAS IP, an   )   3.  **FALSE ARREST**
17 Individual; BLOSSOM VALLEY INN,     )   4.  **ASSAULT & BATTERY**
   business form unknown, TINA TOTEN,  )   5.  **BREACH OF WRITTEN**
18 an Individual; NURSE DOE #21,       )       **CONTRACT**
   an Individual; and DOES 1 through 100, )  6.  **BREACH OF IMPLIED COVENANT**
19 Inclusive,                          )       **OF GOOD FAITH AND FAIR**
                                       )       **DEALING**
20                  Defendants.         )   7.  **GENERAL NEGLIGENCE**
   _____ )   8.  **GENERAL NEGLIGENCE**
21                                         9.  **ELDER NEGLECT AND ABUSE**
                                               **VIOLATION OF THE ELDER**
22                                             **ABUSE AND DEPENDENT ADULT**
                                               **CIVIL PROTECTION ACT**
23                                         10. **FRAUDULENT**
                                               **MISREPRESENTATION**
24                                         11. **NEGLIGENT**
                                               **MISREPRESENTATION**
25

26 ///

27

28 ─────────────────────────────────────
                    **PLAINTIFF'S COMPLAINT FOR DAMAGES**                    1

## GENERAL ALLEGATIONS

1.      As used herein, the term "Plaintiff" shall mean and refer to, and be equivalent to, "Plaintiffs", and the term "Defendant" shall mean and refer to, and be equivalent to, "Defendants", as the context of the sentence may require. At all material times herein alleged, Plaintiff is, and was, a resident of the County of Imperial, State of California.

2.      Plaintiff is informed and believes, and thereupon alleges, that at all material times herein alleged, Defendant CITY OF HOLTVILLE (hereafter "CITY") is, and was, a municipal corporation operating pursuant to its Charter and the laws of the State of California, with its principle business address at 121 W. Holt, Holtville, California, 92250. Defendant CITY is a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services*, 436 U.S. 658, 691, 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978). Plaintiff is further informed and believes and thereupon alleges that CITY is the employer of City of Holtville Police Department, and its employees, including individual Defendants BARRY FORNEY #611 (hereafter FORNEY) and THOMAS IP #619 (hereafter IP).

3.      Plaintiff is informed and believes, and thereupon alleges, that at all material times herein alleged, Defendants FORNEY and IP, and DOES 1 through 100 were agents, employees or servants of Defendant CITY, and in doing the acts hereinafter described, acted within the course and scope of their employment. The acts of all Defendants, and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The individual Defendants named above and DOES 1 through 20 are also sued individually and in their capacities as employees of CITY.

4.      Plaintiff is informed and believes and thereupon alleges that Defendant BLOSSOM VALLEY INN (hereafter "BLOSSOM"), business form unknown is, and at all materials times herein alleged was, transacting business in this State as an assisted living facility for senior adults.

///

///

5.      Plaintiff is informed and believes and thereupon alleges that Defendants TINA TOTEN and [NURSE DOE #21] (hereafter collectively "NURSES"), and DOES 51 through 100, are individuals who were, and at all material times herein alleged were, residents of count(ies) unknown, and are sued herein in both their individual capacit(ies) and as agents, employees or servants of BLOSSOM. Plaintiff is further informed and believes, and thereupon alleges that in doing the acts hereinafter described, said Defendants acted within the course and scope of said agency, employment or servitude to BLOSSOM. Plaintiff is unsure whether NURSES or DOES 51 through 100 are licensed or certified in any capacity to perform the services required by BLOSSOM.

6.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, Inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were directly and proximately caused by said defendants, and each of them, who were each a substantial factor in causing Plaintiff's damages.

7.      At all times mentioned herein, Defendants and each of them were the agents, servants and/or employees of their co-defendants and, in doing the things herein alleged, were acting within the purpose and scope of said agency or employment.

8.      Plaintiff has complied with the applicable provisions of all laws or statutes which are prerequisites to the bringing and maintaining of this action. To wit, pursuant to the mandatory provisions of California *Government Code* §905, Plaintiff, by and through his Guardian ad Litem Cassi DePaoli, filed a "Claim for Money or Damages Against the City of Holtville" on or about March 27, 2007. Pursuant to the express provisions of *Government Code* §912.4, Defendant HOLTVILLE failed and refused to act on said claim within the time provided therein. Accordingly, said Claim is hereby deemed to have been rejected by Defendant. A true and correct copy of that Claim is attached hereto as Exhibit "A" and fully incorporated herein by this reference.

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3

5.    Plaintiff is informed and believes and thereupon alleges that Defendants TINA TOTEN and [NURSE DOE #21] (hereafter collectively "NURSES"), and DOES 51 through 100, are individuals who were, and at all material times herein alleged were, residents of count(ies) unknown, and are sued herein in both their individual capacit(ies) and as agents, employees or servants of BLOSSOM. Plaintiff is further informed and believes, and thereupon alleges that in doing the acts hereinafter described, said Defendants acted within the course and scope of said agency, employment or servitude to BLOSSOM. Plaintiff is unsure whether NURSES or DOES 51 through 100 are licensed or certified in any capacity to perform the services required by BLOSSOM.

6.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, Inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were directly and proximately caused by said defendants, and each of them, who were each a substantial factor in causing Plaintiff's damages.

7.    At all times mentioned herein, Defendants and each of them were the agents, servants and/or employees of their co-defendants and, in doing the things herein alleged, were acting within the purpose and scope of said agency or employment.

8.    Plaintiff has complied with the applicable provisions of all laws or statutes which are prerequisites to the bringing and maintaining of this action. To wit, pursuant to the mandatory provisions of California *Government Code* §905, Plaintiff, by and through his Guardian ad Litem Casi DePaoli, filed a "Claim for Money or Damages Against the City of Holtville" on or about March 27, 2007. Pursuant to the express provisions of *Government Code* §912.4, Defendant HOLTVILLE failed and refused to act on said claim within the time provided therein. Accordingly, said Claim is hereby deemed to have been rejected by Defendant. A true and correct copy of that Claim is attached hereto as Exhibit "A" and fully incorporated herein by this reference.

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                    3

9.    As used herein, the terms "the corporation" and "sham corporation" shall mean and refer to the Defendants who are, or are named as, or may be named as, corporations, and the term "individual Defendant" shall mean and refer to individuals who are, or are named as, Defendants.  Plaintiff is informed and believes, and based upon such information and belief, alleges that each corporate Defendant is a sham corporation, allegedly organized, existing and doing business within and under the laws of the State of California, or some other state, and although they have been sued in their corporate capacity, each is referred to herein as sham corporation because:

a)    It would be unjust and inequitable for the Court to recognize the corporate existence of each sham corporation, in that each purported corporation was and is the alter ego of the other named Defendants herein;

b)    Plaintiff is informed and believes and thereupon alleges that each of the individual Defendants, and each of the corporate Defendants, formed and control each sham corporation to conduct their business in accordance with their instructions and directions without either the holding or calling of shareholders or directors meetings;  That each sham corporation has not issued or given notice of issuance of capital stock to the Secretary of State;  That each sham corporation has been used and existed solely for the purpose of permitting the other Defendants to transact their personal business under a corporate guise;  That each sham corporation was and is the agent and instrumentality and conduit through which the personal businesses of the other Defendants were and are conducted.

c)    At all times herein mentioned, each sham corporation was held out by the other Defendants as a bona fide business entity having the financial capability and responsibility necessary to engage in business, but in truth and fact, the other Defendants caused said sham corporation to be organized and thereafter to conduct their business with capital which was and is merely nominal in amount and wholly inadequate for the business in which said corporation was engaged;

1     That each sham corporation did, in fact, conduct its business with capital which

2     was the personal property of the other Defendants; That each sham corporation

3     does not have sufficient money, property or unencumbered assets to pay, at this

4     time, its liability to Plaintiff herein, and is insolvent. That sham corporation was

5     utilized by other Defendants for their wrongful acts, as herein sued upon.

6     d)    At all times herein mentioned, the other Defendants have been officers, directors,

7     and/or owners of the sham corporation and have dealt with and treated the assets

8     of each sham corporation as their personal assets and their personal assets as

9     corporate assets; and have caused each sham corporation to transfer certain

10     assets to themselves for their personal benefits.

11     e)    Plaintiff is informed and believes and thereon alleges that the assets of the other

12     Defendants, and each sham corporation have been so commingled as to hide and

13     make the assets indistinguishable from other assets.

14     10.    Herein, whenever a cause of action alleges an intentional wrong against an individual

15 Defendant, such acts of such defendant were acts involving a breach of an obligation not arising from

16 contract, and were part and parcel of a common and continuous pattern of misconduct, all done with

17 fraud, malice and oppression, in that such individual intended to cause injury to the Plaintiff and acted

18 despicably with a conscious disregard for Plaintiff's rights or safety, and subjected the Plaintiff to cruel

19 and unjust hardship in conscious disregard for Plaintiff's rights, and/or intentionally misrepresented,

20 deceived and concealed material facts known to such individual Defendant, with the intention of thereby

21 depriving Plaintiff of property or legal rights or otherwise causing injury. Plaintiff is therefore entitled

22 to punitive damages in a sum according to proof in addition to any damage sums alleged for such cause

23 of action.

24     11.    Herein, whenever a cause of action alleges an intentional wrong against a corporate

25 Defendant, such acts of such Defendant were acts involving a breach of an obligation not arising from

26 contract, and were done with fraud, malice and oppression in that the officers, directors and/or managing

27

28

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  agents of such corporation, either personally or by the ratification of the conduct of an employee of the

2  corporation, intended to cause injury to Plaintiff and acted despicably with a conscious disregard for

3  Plaintiff's rights, and/or intentionally misrepresented, deceived or concealed a material fact known to

4  such corporate Defendant with the intention of depriving Plaintiff of property or legal rights and/or

5  otherwise causing injury. Plaintiff is therefore entitled to punitive damages in addition to any damage

6  sums alleged for such causes of action.

7      12.    The parties to this action and each of them have by a current or former presence, or doing

8  a substantial part of the acts, or omissions, giving rise to this claim therein, by conduct causing a

9  substantial part of the acts, events or effects therein, by having sufficient contacts with, and/or by consent

10 and agreement, have submitted to and/or subjected themselves to the jurisdiction and venue of this Court

11 within the County of Imperial.

12              **FACTUAL ALLEGATIONS**

13     13.    On or about January 10, 2007, Plaintiff WILLIAM HOGUE who suffers from

14 Alzheimer's disease, took up residence at BLOSSOM, necessitated by his inability to live alone due to

15 his mental incapacity resulting from Alzheimer's disease. Prior to his admission, BLOSSOM was made

16 fully aware of the fact that Plaintiff suffers from Alzheimer's disease, and the ramifications thereof. In

17 fact, in making the determination that BLOSSOM was an appropriate facility for Plaintiff, Plaintiff's

18 family reasonably and justifiably relied upon BLOSSOM's express and implied representations that

19 BLOSSOM and its staff were fully trained and "set up" to care for residents suffering from Alzheimer's,

20 as well as BLOSSOM's assurances that the staff of BLOSSOM was able to properly and adequately care

21 for such patients. A retired rodeo circuit champion of many decades, Plaintiff is now approximately 5'6"

22 tall, and weighs approximately 150 pounds. Plaintiff is also **80 years old.**

23     14.    On or about January 10, 2007, at approximately 10:30 p.m., while in a state of complete

24 confusion due to his mental incapacity, Plaintiff failed to heed the instructions of employees of

25 BLOSSOM and walked out of the front door of BLOSSOM, setting off the alarm. Plaintiff violated no

26 laws or ordinances by leaving BLOSSOM, nor did he pose any danger to the public as a result of his

27

28

1   leaving. Upon hearing the alarm, Defendant TINA TOTEN and NURSE DOE 21, followed Plaintiff

2   outside of BLOSSOM and down the street, where they were unsuccessful in getting Plaintiff to

3   voluntarily return to his room therein due solely to Plaintiff's inability to comprehend and obey

4   instructions. Unable to obtain Plaintiff's cooperation, an unknown employee of BLOSSOM telephoned

5   the CITY's police department and advised them, inter alia, that an Alzheimer's patient had left the home

6   and needed assistance in returning plaintiff to the facility.

7        15.    Plaintiff had already turned back, and was walking back to BLOSSOM of his own accord,

8   when he was confronted by Defendants FORNEY and IP; Plaintiff was neither armed, nor violent.

9   Defendant IP immediately confronted and accosted Plaintiff in a hostile manner, demanding that Plaintiff

10  tell him his name and to stop where he was. Upon Plaintiff's failure to immediately respond to IP's

11  commands, Defendants IP and FORNEY viciously and violently, and without consent of privilege,

12  brutally assaulted Plaintiff by grabbing him on either side and slamming him face down on the ground,

13  and while kneeling on his back, forcefully handcuffed him behind his back. Once the handcuffs had

14  been placed on Plaintiff, IP and FORNEY then lifted Plaintiff off of the ground *by the handcuffs*, and

15  in so doing, utilized such extreme force that they caused a severe fracture of Plaintiff's upper left arm

16  just below the shoulder.

17       16.    During this assault, FORNEY admitted that he heard a "popping noise" while he and IP

18  were attempting to place Plaintiff in handcuffs. Plaintiff's injury was of such a severity that said

19  Defendants immediately knew that Plaintiff required emergency medical treatment. Accordingly,

20  Holtville Fire Department paramedics were summoned and arrived on scene, and immediately stabilized

21  and transported Plaintiff to El Centro Regional Medical Center for emergency treatment of the injuries

22  sustained during the barbaric attack by IP and FORNEY.

23       17.    At no time during or after this entire assault (which was occasioned by the telephone call

24  to police made by BLOSSOM) did NURSES ever attempt to intervene on Plaintiff's behalf, or make any

25  attempt whatsoever to protect Plaintiff from the brutality of FORNEY and/or IP, or subsequently attempt

26  to render emergency aid and comfort to Plaintiff.

27

28

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                                              7

18.    Despite their brutal handling of Plaintiff, Defendants IP and FORNEY further compounded their assault by proceeding to place Plaintiff under false arrest for various alleged criminal violations, and in fact, did so prior to rendering of medical care, or of transport to the hospital.

19.    Following treatment at the hospital, and due to the fact that Plaintiff's injuries were of such a nature, and of such severity, that surgery cannot be performed for repair, and that they will never heal, Plaintiff was released and returned to BLOSSOM as that was his only residence at that time.

20.    As a direct and proximate result of the wrongful and vicious, intentional conduct of Defendants, and each of them, Plaintiff incurred medical bills and related expenses for, among others, El Centro Regional Medical Center, and other health care providers.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 Constitutional Violations:**
**Unreasonable Search and Seizure and Excessive Force**
**As Against Defendants CITY OF HOLTVILLE,**
**[OFFICER DOE] FORNEY, [OFFICER DOE] IP,**
**And DOES 1 through 50**

21.    Plaintiff repeats, repleads and realleges the allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

22.    As a result of the acts alleged above, particularly the false arrest described above, Plaintiff was unlawfully detained and arrested and thus unlawfully seized by Defendants without a warrant or probable cause. Thus, Plaintiff suffered an unlawful search and seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

23.    As a further result of the acts alleged above, Plaintiff was subjected to an unlawful seizure. The unlawful seizure violated Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983 in an amount to be proven at trial.

///

24.    As a further result of the acts alleged above, Defendants used unreasonable, unjustified, brutal and excessive force upon Plaintiff. This unreasonable, unjustified, brutal and excessive force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983 in an amount to be proven at trial.

25.    When Plaintiff attempted to continue his return to BLOSSOM prior to arrest, the decision to attack and viciously assault Plaintiff while placing him in handcuffs for no reason was unwarranted, unnecessary and excessive under the circumstances and also a violation of his First Amendment Rights, because he was punished for exercising his right to passively protest the police detention of him. *Houston v. Hill*, 482 U.S. 451, 96 L.Ed.2d 398, 107 S.Ct. 2502 (1987); *Lewis v. City of New Orleans*, 415 U.S. 130, 39 L.Ed.2d 214, 94 S.Ct. 970 (1974); *Glasson v. City of Louisville*, 518 F.2d 899, 905-906 (6th Cir. 1975).

26.    As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff was beaten and brutalized, and placed under arrest prior to rendering of necessary emergency medical care, and suffered extreme fear, confusion, embarrassment, humiliation and loss of his freedom and liberty as a result of his unwarranted arrest. Plaintiff suffered severe pain and now permanent injury to his body, including severe fracture(s) to his left arm, as well as other injuries to his back, chest, hands, and arms as well as multiple extensive bruises and contusions. Plaintiff endured extreme pain and suffering, and will continue to suffer such due to Plaintiff's age and the inability of the physicians to surgically repair the severe fracture(s). Plaintiff also suffered severe emotional distress as a result of the acts of Defendants alleged above; in fact, this vicious attack by IP and FORNEY has now resulted in a substantial worsening of Plaintiff's mental capacity. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

27.    At all material times herein alleged, Defendants were acting under the color of law of the State of California and the County of Imperial or CITY to deprive Plaintiff of his federally protected Fourteenth Amendment right.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

9

28.    At all material times herein alleged, each of the Defendants named herein acted under the color of law of the State of California and the County of Imperial or CITY, including those persons not directly employed by the County of Imperial and CITY.

29.    By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Constitution and laws of the United States, in that the failure to follow procedure set out by state law amounted to arbitrarily deprivation of Plaintiff's liberty interests without due process of law.

30.    In committing the acts alleged above, Defendants FORNEY and IP acted maliciously, malevolently, brutally, and/or were guilty of a wanton and complete reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment as against Defendants, and each off them, as set forth below.

### SECOND CAUSE OF ACTION
**42 U.S.C. § 1983 Constitutional Violations --**
**Unlawful Policies, Customs or Habits**
**As Against Defendants CITY OF HOLTVILLE,**
**OFFICERS FORNEY and IP**
**And DOES 1 through 50**

31.    Plaintiff repeats, repleads and realleges the allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

32.    Plaintiff is informed and believes and thereupon alleges that Defendant CITY, through its police department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including the individual Defendants named herein, legally causing the constitutional deprivations, injuries and damages alleged in the Factual Allegations and the First Cause of Action.  As a result, Plaintiff is entitled to damages pursuant to Title

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                                                10

1   42 U.S.C. § 1983, in an amount to be proven at trial.

2       33.    Plaintiff is further informed and believes and thereupon alleges that Defendant CITY,

3   through its police department, has an unlawful policy, custom or habit of permitting or condoning the

4   unnecessary and unjustified use of force by police officers, including the individual Defendants herein,

5   and of permitting or condoning attitude arrests and/or acts of unreasonable force related thereto by its

6   officers, including the individual Defendants named herein. Defendant CITY has a further unlawful

7   policy, custom and habit of inadequate training, supervision and disciplining of errant officers, including

8   these Defendants.

9       34.    As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiff

10  suffered the severe injuries alleged in paragraph 26 above and thus, is entitled to general and

11  compensatory damages in an amount to be proven at trial.

12      WHEREFORE, Plaintiff prays judgment as against Defendants, and each off them, as set forth

13  below.

14  
15  **THIRD CAUSE OF ACTION**
    **False Arrest**
16  **As Against Defendants CITY OF HOLTVILLE,**
    **[OFFICER DOE] FORNEY, [OFFICER DOE] IP,**
    **And DOES 1 through 50**

17      35.    Plaintiff repeats, repleads and realleges the allegations of paragraphs 1 through the

18  immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this

19  reference.

20      36.    By the acts alleged herein in the Factual Allegations and the First Cause of Action,

21  particularly the acts of brutally detaining and arresting Plaintiff and placing him in custody without a

22  warrant or probable cause, Plaintiff was falsely arrested, entitling him to damages pursuant to California

23  law.

24      37.    As a result of these acts Plaintiff suffered the injuries and damages described in paragraph

25  26 above, entitling him to damages in an amount to be proven at trial.

26  ///

27  

28

38.    In committing the acts alleged above, Defendants IP and FORNEY acted maliciously, malevolently and/or were guilty of a complete wanton and reckless disregard for the rights and feelings of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment as against Defendants, and each off them, as set forth below.

### FOURTH CAUSE OF ACTION
**Assault & Battery**
**As Against Defendants CITY OF HOLTVILLE,**
**[OFFICER DOE] FORNEY, [OFFICER DOE] IP,**
**And DOES 1 through 50**

39.    Plaintiff repeats, repleads and realleges the allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

40.    By the acts alleged herein, particularly the acts of excessive force and violence used upon Plaintiff by Defendants as described in the Factual Allegations and the First Cause of Action, Defendants acted without consent or privilege, and thereby committed an assault and battery upon Plaintiff, entitling Plaintiff to damages pursuant to California law.

41.    As a result of those acts, Plaintiff suffered the injuries and damages described in paragraph 26 above and suffered severe, excruciating pain, suffering, mental and emotional distress, entitling him to damages in an amount to be proven at trial.

42.    In committing the acts alleged above, Defendants IP and FORNEY acted maliciously, malevolently and/or were guilty of a wanton and complete reckless disregard for the rights and feelings of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment as against Defendants, and each off them, as set forth below.

///

## FIFTH CAUSE OF ACTION
### Breach of Written Contract as Against
### BLOSSOM VALLEY INN and DOES 51 through 100, Inclusive

43. Plaintiff repeats, repleads, and realleges the allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

44. Plaintiff alleges that on or about January 10, 2007, a written contract was entered into by Plaintiff with Defendant BLOSSOM, the essential terms of which are as follows:

   a) Defendants represented and agreed that its facility was appropriate for patients with dementia. Defendants further agreed that plaintiff would be properly secured and maintained within a 24 hour facility and further agreed to provide and monitor plaintiff within a secure environment with alarms and cameras to monitor plaintiff's movements and condition.

45. In or about January, 2007, Defendants, and each of them, breached the contract by the following acts, among others:

   a) Failing and refusing to keep Plaintiff safe and secure in his person at all times;

   b) Failing and refusing to adequately, appropriately and competently provide care to Plaintiff as an Alzheimer's patient; and

   c) Allowing Plaintiff to wander off of the premises by himself resulting in serious injuries to Plaintiff.

46. Plaintiff has performed all obligations to Defendants except those obligations Plaintiff was prevented or excused from performing.

47. Plaintiff suffered damages legally (proximately) caused by Defendants' breaches of the agreements in a sum according to proof at trial.

48. Plaintiff is entitled to attorney fees by an agreement, or a statute, according to proof.

WHEREFORE, Plaintiff prays for judgment as against Defendants, and each of them, as set forth below.

### SIXTH CAUSE OF ACTION
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**As Against BLOSSOM VALLEY INN**
**DOES 51 through 100, Inclusive**

49.　　Plaintiff repeats, repleads, and realleges the allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

50.　　The above referenced agreement contained the implied-in-law covenant of good faith and fair dealing. Pursuant thereto, the Defendants were obligated to deal fairly and in good faith with Plaintiff. Furthermore, Defendants were obligated not to do anything to unjustly deprive Plaintiff of his benefits under the agreements.

51.　　Defendants breached the implied-in-law covenant of good faith and fair dealing by wrongfully failing and refusing to ensure Plaintiff's safety and security and protection from harm, in that not only was Plaintiff permitted to leave BLOSSOM's premises, he was also subjected to the subsequent brutalization by Defendants IP and FORNEY as set forth more fully above.

52.　　As a proximate result of Defendants' breaches of the Implied-in-law covenant of good faith and fair dealing, Plaintiff has suffered damages in a sum according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as set forth below.

### SEVENTH CAUSE OF ACTION
**General Negligence**
**As Against Defendants CITY OF HOLTVILLE,**
**[OFFICER DOE] FORNEY, [OFFICER DOE] IP,**
**And DOES 1 through 50**

53.　　Plaintiff repeats, repleads, and realleges the allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

54.　　As a municipal corporation and employers and/or supervisors thereof, or as agents, employees, probationers or servants of the law enforcement agency Police Department, Defendants, and

1  each of them, owed a duty to Plaintiff to use the ordinary skill and care in the course of their business

2  conduct as law enforcement officials, and in so doing, to use such skill, prudence and diligence as laws

3  enforcement officials of ordinary skill and capacity commonly possesses and exercises in the

4  performance of the tasks which they undertake.

5      55.    As set forth more fully in the Factual Allegations and First Cause of Action which have

6  all been incorporated herein by reference, Defendants, and each of them breached their duty to Plaintiff

7  by failing to exercise reasonable care and skill in undertaking to perform such law enforcement duties,

8  to wit, by maliciously, malevolently and violently effecting an unlawful arrest and detention of Plaintiff

9  without warrant or probable cause, and in so doing causing severe and irreversible physical and mental

10  and emotional injuries to Plaintiff.

11      56.    Had Defendants, and each of them, exercised proper care and skill in the afore described

12  law enforcement matter, Plaintiff would have been safely returned to his residence rather than severely

13  beaten and otherwise injured so as to require emergency medical treatment.

14      57.    Further, Defendant CITY was negligent in the hiring, training, retention and supervision

15  of the individually named officers, thereby causing the injuries and emotional distress described in the

16  Factual Allegations and the First Cause of Action, and the damages described in paragraph 26 above.

17  Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

18      58.    Said negligence of Defendants, and each of them, was the actual and proximate cause of

19  the damages suffered by Plaintiff in an amount unascertainable at this time; furthermore, said negligence

20  of Defendants, and each of them, was a substantial factor in causing the damages suffered by Plaintiff

21  in an amount unascertainable at this time, according to proof.

22      WHEREFORE, Plaintiff prays judgment as against Defendants, and each of them, as set forth

23  below.

24  ///

25  ///

26  ///

27

28

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                                    15

**EIGHTH CAUSE OF ACTION**
**General Negligence**
**As Against Defendants BLOSSOM VALLEY INN,**
**TINA TOTEN, [NURSE DOE #1] And DOES 51 through 100**

59.     Plaintiff repeats, repleads, and realleges the  allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

60.     As a provider of residential services in an assisted living environment, and in particular for residents suffering from Alzheimer's disease, Defendants, and each of them, owed a duty to Plaintiff to use the ordinary skill and care in the course of their business conduct as assisted living providers and in so doing, to use such skill, prudence and diligence as assisted living providers of ordinary skill and capacity commonly possesses and exercises in the performance of the tasks which they undertake.

61.     As set forth more fully in the Factual Allegations and Fifth and Sixth Cause of Action which have all been incorporated herein by reference, Defendants, and each of them breached their duty to Plaintiff by failing to exercise reasonable care and skill in undertaking to perform such assisted living services, to wit, by failing and refusing to ensure Plaintiff's safety at all times and in all environments, and in particular, to ensure Plaintiff's safety at the hands of law enforcement officials in light of Plaintiff's mental incapacity, and in so doing causing severe and irreversible physical and mental and emotional injuries to Plaintiff.

62.     Had Defendants, and each of them, exercised proper care and skill in the afore described assisted living matter, Plaintiff would have been safely returned to his residence rather than severely beaten and otherwise injured by law enforcement officials so as to require emergency medical treatment.

63.     Further, Defendant BLOSSOM was negligent in the hiring, training, retention and supervision of Defendant TOTEN and [NURSE DOE #21], and DOES 51 through 100, thereby causing the injuries and emotional distress described in the Factual Allegations and the Fifth and Sixth Causes of Action, and the damages described in paragraph 26 above.  Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

64.    Said negligence of Defendants, and each of them, was the actual and proximate cause of the damages suffered by Plaintiff in an amount unascertainable at this time; furthermore, said negligence of Defendants, and each of them, was a substantial factor in causing the damages suffered by Plaintiff in an amount unascertainable at this time, according to proof.

WHEREFORE, Plaintiff prays judgment as against Defendants, and each of them, as set forth below.

### NINTH CAUSE OF ACTION
**Elder Neglect and Abuse**
**Violation of the Elder Abuse and Dependent Adult Civil Protection Act**
**As Against Defendants CITY OF HOLTVILLE,**
**[OFFICER DOE] FORNEY, [OFFICER DOE] IP,**
**And DOES 1 through 50; BLOSSOM VALLEY INN,**
**TINA TOTEN, [NURSE DOE #1] And DOES 51 through 100**

65.    Plaintiff repeats, repleads, and realleges the allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

66.    At all times herein mentioned, Defendants BLOSSOM VALLEY INN, TINA TOTEN, NURSE DOE #21 and Does 51 through 100, and each of them, had care or custody of the Plaintiff.

67.    At all times herein mentioned, the Plaintiff was older than 65 years of age.

68.    At all times herein mentioned, Defendants FORNEY and IP, and Does 1 through 50, and each of them, in acting as described in the Factual Allegations contained herein forcefully, unreasonably and without any justification or excuse, assaulted and battered the Plaintiff without his consent of privilege.

69.    At all times herein mentioned, Defendants BLOSSOM VALLEY INN, TINA TOTEN, NURSE DOE #21 and Does 51 through 100, and each of them, in acting as described in the Factual Allegations contained herein failed to use the degree of care that a reasonable person in the same situation would have used by failing and refusing to ensure Plaintiff's safety at all times and in all environments, and in particular, to ensure Plaintiff's health and safety at the hands of law enforcement officials in light of Plaintiff's mental incapacity.

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                                    17

70.    At all times herein mentioned, the individual Defendants IP, FORNEY, and Does 1 through 50, and Defendants TINA TOTEN, NURSE DOE #21, and Does 51 through 100, and each of them, acted with recklessness, malice, oppression and/or fraud.

71.    In so doing, Plaintiff was caused severe and irreversible physical and mental and emotional injuries.

72.    At all times herein mentioned, the conduct of the Defendants IP, FORNEY and Does 1 through 50, and Defendants TINA TOTEN, NURSE DOE #1, and Does 51 through 100, and each of them, was a substantial factor in causing Plaintiff's injuries and damages as herein alleged.

73.    Plaintiff is informed and believes and thereupon alleges that, at all times herein mentioned, Defendants TINA TOTEN, NURSE DOE #21, and Does 51 through 100, and each of them, were either officers, directors and/or managing agents of Defendant BLOSSOM VALLEY INN, acting within that employment capacity, and/or that Defendant BLOSSOM VALLEY INN, its officers, directors and/or managing agents, had advance knowledge of the unfitness of these individual Defendants and employed them with a knowing disregard for the rights or safety of others, authorized these individual Defendants' conduct and/or knew of these individual Defendants' wrongful conduct and adopted or approved the conduct after it occurred.

74.    Plaintiff is also informed and believes and thereupon alleges that, at all times herein mentioned, Defendants IP, FORNEY, and Does 1 through 50, and each of them, were either officers, directors and/or managing agents of Defendant CITY OF HOLTVILLE, acting within that employment capacity, and/or that Defendant CITY OF HOLTVILLE, its officers, directors and/or managing agents, had advance knowledge of the unfitness of these individual Defendants and employed them with a knowing disregard for the rights or safety of others, authorized these individual Defendants' conduct and/or knew of these individual Defendants' wrongful conduct and adopted or approved the conduct after it occurred.

WHEREFORE, Plaintiff prays judgment as against Defendants, and each of them, as set forth below.

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                                                18

# TENTH CAUSE OF ACTION
### Fraudulent Misrepresentation
### As Against Defendant BLOSSOM VALLEY INN
### and DOES 51 through 100, Inclusive

75.     Plaintiff repeats, repleads, and realleges the allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

76.     Plaintiff alleges that Defendant defrauded the Plaintiff as hereafter alleged.

77.     **Intentional Misrepresentations.  On or about January 10, 2007,  and on several occasions since, BLOSSOM and their agents, servants and employees and Does 51-100 stated to Plaintiff, and Plaintiff's family, among other things, those representations set forth in paragraph 44 of the Fifth Cause of Action**

78.     Those facts were in fact false.  The true facts were as set forth in paragraph 45 of the Fifth Cause of Action.

79.     When the Defendants made the representations, the Defendants knew they were false. Defendants intentionally made the representations with the intent to defraud or induce the Plaintiff to act as described herein.  At the time the Plaintiff acted in reliance on the representations, the Plaintiff did not know the representations were false and believed they were true.  Plaintiff at all times justifiably relied on and acted in justifiable reliance upon the truth of the representations when the Plaintiff acted as herein alleged.

80.     **Fraudulent Concealment.**   In addition to the above, the Defendants intentionally concealed or suppressed certain material facts which the Defendants were bound to disclose and misled the Plaintiff by telling the Plaintiff other facts to mislead and prevent the Plaintiff from discovering the concealed or suppressed facts, including concealing the facts (among others known to the Defendants but at this time unknown to the Plaintiff) that the representations set forth in Paragraph 44 were false, and telling the Plaintiff, in order to mislead the Plaintiff, (among other things known to the Defendant but at this time unknown to the  Plaintiff), that the facts stated in Paragraph 44 were true.

81.    Defendants intentionally concealed or suppressed these facts with the intent to defraud the Plaintiff to act as described herein.  At the time the Plaintiff acted, the Plaintiff was unaware of the concealed or suppressed facts and wouldn't have taken the actions alleged if the Plaintiff had known the true facts.

82.    **Promises Made Without intent to Perform**.  In addition to the above, the Defendants intentionally made promises without intent to perform as follows:  The Defendant made the promises as are more particularly set forth in paragraph 44 of the Fifth Cause of Action, and made additional promises to the Plaintiff, in order to mislead the Plaintiff, (which promises are at this time known to the Defendants but unknown to the Plaintiff).

83.    The Defendants' promises were made intentionally, without any intention of performance, and were made by Defendants with the intent to defraud and induce Plaintiff to rely upon them and to act as herein alleged.  At the time the Plaintiff acted, Plaintiff was unaware of the Defendants' intentions not to perform the promises.  Plaintiff justifiably relied and acted in justifiable reliance upon the promises.

84.    In justifiable reliance upon the Defendants' conduct as herein alleged, Plaintiff was induced to take up residence at BLOSSOM in reliance upon the misrepresentations that the facility and its staff were sufficiently qualified and trained to provide appropriate, competent care for individuals suffering from, among other things, Alzheimer's disease.

85.    Plaintiff suffered damages legally (proximately) caused by Defendants' fraud and misrepresentation in a sum according to proof at trial.

86.    Such acts of Defendants were part and parcel of a common and continuous pattern of misconduct, all done with fraud, malice and oppression, in that such individual intended to cause injury to the Plaintiff solely for the financial benefit of BLOSSOM, and acted despicably with a conscious disregard for Plaintiff's rights or safety, and subjected the Plaintiff to cruel and unjust hardship in conscious disregard for Plaintiff's rights, and/or intentionally misrepresented, deceived and concealed material facts known to such individual Defendant, with the intention of thereby depriving Plaintiff of

property or legal rights or otherwise causing injury. Plaintiff is therefore entitled to punitive damages in a sum according to proof in addition to any damage sums alleged for such cause of action.

WHEREFORE, Plaintiff prays for judgment as against Defendants, and each of them, as set forth below.

### ELEVENTH CAUSE OF ACTION
**Negligent Misrepresentation**
**As Against all Defendant BLOSSOM VALLEY INN and**
**DOES 51 through 100, Inclusive**

87.    Plaintiff repeats, repleads, and realleges the allegations of paragraphs 1 through the immediately proceeding paragraph, as though set forth fully herein and incorporates them herein by this reference.

88.    Plaintiff alleges that Defendants negligently defrauded the Plaintiff as hereinafter alleged.

89.    **Negligent Misrepresentation**.  On or about, and on several occasions since, late December of 2006 and early January of 2007, Defendants BLOSSOM, their agents, servants and assigns, and each of them, negligently made representations of material facts to Plaintiff as alleged in Paragraph 44 of the Fifth Cause of Action.

90.    These facts were in fact false.  The true facts were as set forth in paragraph 40 of the Fifth Cause of Action.

91.    When Defendants made the representations, Defendants had no reasonable reason to believe they were true.  Defendants negligently made the representations with the intent to induce Plaintiff to act as described herein.  At the time Plaintiff acted in reliance on the representations, Plaintiff did not know the representations were false and believed they were true.  Plaintiff at all times justifiably relied on and acted in justifiable reliance upon the purported truth of the representations when Plaintiff acted as herein alleged.

92.    Plaintiff suffered damages legally (proximately) caused by Defendants' negligent misrepresentation in a sum unascertainable at this time, according to proof.

///

1        WHEREFORE, Plaintiff prays judgment as against Defendants, and each of them, as set forth

2   below.

3                                                       **PRAYER**

4        1.        For general and compensatory damages against Defendants and each of them in an

5   amount to be proven at trial;

6        2.        For exemplary and punitive damages against Defendants, and each of them, in an amount

7   to be proven at trial;

8        3.        For costs of suit herein, including reasonable attorneys fees; and

9        4.        For such other relief as the Court deems proper.

10

11                                               Respectfully submitted,

12

13   Dated:  11-16-07

14                                               ROBERT A. ESPINOSA, Esq.
                                                 Attorney for Plaintiff
15                                               WILLIAM A. HOGUE, by and through his
                                                 Guardian Ad Litem, CASSI DePAOLI

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                                                22

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144759    — SH**

**November 21. 2007
15:38:08**

**Civ Fil Non—Pris
07—02229**
Judge..: WILLIAM Q HAYES
Amount.:                     $350.00 CK
Check#.: BC1474

**Total—>    $350.00**

FROM: HOGUE ET AL V. CITY OF HOLTVIL

℈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Hogue, William A., by and through his Guardian Ad Litem DePaoli, Cassi

*FILED 07 NOV 21 PM [illegible]*

*CLERK, U.S. DISTRICT SOUTHERN DISTRICT OF CALIFORNIA*

*BY: [illegible] DEPUTY*

**DEFENDANTS** City of Holtville, A Public Entity; Officer Forney, Barry, an individual; Officer Ip, Thomas, an individual; Blossom Valley Inn, business form unknown; Toten, Tina, an individual; Nurse Doe #21, an individual and Does #1-100, Inclusive

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF ROBERT A. ESPINOSA, 1041 State Street, El Centro, CA 92243, (760)353-1410, ROBERT A. ESPINOSA, 56961

Attorneys (If Known)

*07 CV 2229 WQH (WMC)*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
Civil Rights Violations -- Unreasonable Search and Seizure; Unlawful Policies, Customs or Habits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 25,000 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)
JUDGE _____  DOCKET NUMBER _____

DATE 11-16-07

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # [illegible]  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

144759  Sa 11/21/07

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.   (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: <u>47 USC 553</u>
                                                        Brief Description: <u>Unauthorized reception of cable service</u>

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.