**GIOVANNIELLO & MICHELS, LLP**
Alexander F. Giovanniello (CSB# 125562)
1470 South Valley Vista Drive, Suite 200
Diamond Bar, California, 91765
Ph: (909) 396-1964
Fax (909) 396-0885

Attorneys for DEFENDANT
RENESTER VILLA, LLC dba THE VALLEY INN
n/k/a BLOSSOM VALLEY INN (erroneously sued and
served as Blossom Valley Inn)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. HOGUE, by and through his Guardian Ad Litem CASSI DePAOLI;<br><br>   Plaintiff,<br><br>  vs.<br><br>CITY OF HOLTVILLE, A Public Entity; OFFICER BARRY FORNEY, an Individual; OFFICER THOMAS IP, an Individual; BLOSSOM VALLEY INN, business form unknown, TINA TOTEN, an Individual; NURSE DOE #21, an Individual; and DOES 1-100, Inclusive,<br><br>   Defendants. | Case No.: 07 CV 2229 WQH (WMC)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT;<br><br>FRCP 12(b)(6)<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Date: February 4, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4 |

i

# **TABLE OF CONENTS**

1.  INTRODUCTION ........................................................................................................ 1

   A.   Synopsis ........................................................................................................... 1

   B.   Analysis of Complaint ..................................................................................... 2

2.  A MOTION TO DISMISS IS JUSTIFIED WHERE A COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................... 4

3.  THE FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR BREACH OF WRITTEN CONTRACT ........................................................................................... 4

4.  THE SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH ........................................................... 7

5.  THE FACTS PLED DO NOT SUPPORT A CLAIM FOR GENERAL ................................ 7

6.  THE FACTS PLED DO NOT SUPPORT A CLAIM FOR ELDER .................................. 10

   A.   There Are No Pled Facts to Establish Physical Abuse ................................... 11

   B.   Plaintiff Does Not Properly Plead Statutory Neglect ..................................... 11

   C.   Plaintiff Does Not Plead Sufficient Facts for a Statutory Cause of Action ..................... 12

   D.   Plaintiff Did Not Allege Employer Direction or Ratification ........................... 13

7.  THE FACTS PLED DO NOT SUPPORT A CLAIM FOR FRAUDULENT OR NEGLIGENT MISREPRESENTATION AGAINST BLOSSOM VALLEY INN ................... 14

8.  CONCLUSION ........................................................................................................... 17

ii

---

MOTION TO DISMISS

(07 CV 2229)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF AUTHORITIES**

### **Cases**

Albright v. Oliver, (1994) 510 U.S. 266, 267 ............................................................ 4

Aulson v. Blanchard, (1st Cir. 1996) 83 F.3d 1, 3 .................................................... 4

Budd v. Nixon (1971) 6 Cal. 3d 195, 200 ................................................................ 8

Committee on Children's Television, Inc. v. General Foods Corp. (1983) 35 Cal. 3d 197, 216 . 15

Covenant Care, Inc. v. Superior Court (Inclan), (2004) 32 Cal.4th 771 ...................... 12

Davila v. Delta Air Lines, Inc., (11th Cir. 2003) 336 F.3d 375, 379 .......................... 4

Lockheed Martin Corp. v. Superior Court (Carrillo), (2003) 29 Cal.4th 1096, 1106................. 8

Lopez v. Southern Cal. Rapid Trans. Dist., (1985) 40 Cal.3d 780, 795 ...................... 13

Nagy v. Nagy (1989) 210 Cal. App. 3d 1262, 1268-9 ............................................. 16

Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal. App. 3d 104 ................. 15

Service by Medallion, Inc. v. Clorox Co. (1996) 44 Cal. App. 4th 1807, 1818 .............. 16

Stansfield v. Starkey (1990) 220 Cal. App.3d 59, 73 ............................................... 16

Wilhelm v. Pray, Price, Williams & Russell (1986) 186 Cal. App. 3d 1324, 1332 ................. 15

### **Statutes**

Civil Code § 1710 ......................................................................................... 15

Civil Code § 3294(b) .................................................................................... 13

Federal Rule of Civil Procedure 8(a) ................................................................... 4

Welfare & Institutions Code § 15600 et. seq. ...................................................... 10

Welfare & Institutions Code § 15610.57 ............................................................. 12

Welfare & Institutions Code § 15610.6 ............................................................... 11

Welfate & Institutions Code § 15657 ............................................................ 10,13

## MOTION TO DISMISS

(07 CV 2229)

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

#### A.    Synopsis

William A. Hogue was a patient at RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn) (hereinafter "Blossom Valley Inn") for one day, January 10, 2007.  TINA TOTEN was a caregiver employed by Blossom Valley Inn at the time of Mr. Hogue's admission.  The Complaint alleges that Blossom Valley Inn was an assisted living facility for senior adults.  (Complaint, para. 4).  The Complaint further alleges 80 year-old Mr. Hogue entered Blossom Valley Inn due to his mental incapacity resulting from Alzheimer's disease.  At 10:30 p.m. on January 10, Mr. Hogue walked out of the front door of Blossom Valley Inn, setting off the alarm.  Employees from Blossom Valley Inn followed Mr. Hogue outside and verbally attempted to convince him to return to the facility. "Unable to obtain Plaintiff's cooperation, an unknown employee of Blossom Valley Inn telephoned the City's police department and advised them, inter alia, that an Alzheimer's patient had left the home and needed assistance in returning plaintiff to the facility." (Complaint, para. 13-14).  Allegedly, this later led to a battery of Mr. Hogue by the police. (Complaint, para. 15).

1

## B.     Analysis of Complaint

Plaintiff alleges eleven causes of action, six against Blossom Valley Inn for: (1) the Fifth Cause of Action for Breach of Written Contract; (2) the Sixth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing; (3) the Eighth Cause of Action for General Negligence; (4) the Ninth Cause of Action for Elder Neglect and Abuse; (5) the Tenth Cause of Action for Fraudulent Misrepresentation; and (6) and the Eleventh Cause of Action for Negligent Misrepresentation, which all fail to state a claim upon which relief can be granted.

Plaintiff fails to set forth ANY LEGAL AUTHORITY specific to Blossom Valley Inn to demonstrate Blossom Valley Inn or any single employee of Blossom Valley Inn, including the not served co-defendant Tina Toten, acted in a manner which was below the standard of care let alone which would amount to Elder Abuse or Fraudulent conduct.  Further, Plaintiff fails to state where his version of the facts was derived from since only Mr. Hogue, an incompetent witness, and the Blossom Valley Inn employees were witnesses until the police arrived.  Plaintiff alleges that because there was an injury to Mr. Hogue, Blossom Valley Inn and all other Defendants were responsible.  The law does not support a Plaintiff reasoning backward from an injury.  Thus, there must be a legally supportable theory of recovery against Blossom Valley Inn; despite all of Plaintiff's efforts to find a

---

MOTION TO DISMISS

(07 CV 2229)

way to include Blossom Valley Inn in this lawsuit, legally valid grounds do not exist.

When the allegations in the Plaintiff's Complaint are examined, it is clear the facts alleged do not show any conduct on the part of Blossom Valley Inn that support any of Plaintiff's causes of action; to the contrary, it shows Blossom Valley Inn provided supervision and care of an Alzheimer's patient within the parameters of the legal requirements for doing so. The Complaint is insufficient to place Blossom Valley Inn on notice as to the basis for the action brought against it. It is additionally insufficient to sustain the heightened pleading requirements Elder Abuse and Fraud require, of which constitute two of Plaintiff's causes of action. With the Elder Abuse and Fraud Causes of Action removed, even the remaining causes of action must be dismissed due to the uncertainty involved in pleading one set of facts which actually supports Blossom Valley's position with no legal authority to establish they would sustain any cause of action brought against Blossom Valley Inn.

For reasons set forth, Blossom Valley must request Causes of Action Five, Six, Eight, Nine, Ten, and Eleven be dismissed for failing to state a cause of action.

3

MOTION TO DISMISS

(07 CV 2229)

## 2. A MOTION TO DISMISS IS JUSTIFIED WHERE A COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Federal Rule of Civil Procedure 8(a) requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  If the plaintiffs fail to meet this standard, Rule 12(b)(6) requires the Court to dismiss for "failure to state a claim upon which relief can be granted."  In reviewing this motion, the court presumes the truth of all well-pled allegations, resolves all doubts in favor of the pleader, and views the pleading in the light most favorable to the pleader.  <u>Albright v. Oliver</u>, (1994) 510 U.S. 266, 267.  However, the court does not accept as true the pleader's bald assertions and legal conclusions, nor will the court draw unwarranted inferences to aid the pleader.  <u>Aulson v. Blanchard</u>, (1st Cir. 1996) 83 F.3d 1, 3. Unwarranted factual deductions, inferences, and legal conclusions "masquerading as facts" will not defeat a Rule 12(b)(6) motion.  <u>Davila v. Delta Air Lines, Inc</u>., (11th Cir. 2003) 336 F.3d 375, 379.

## 3. THE FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR BREACH OF WRITTEN CONTRACT

Plaintiff's Fifth Cause of Action for Breach of Written Contract alleges as follows in paragraph 44 of the Complaint:

4

> …on or about January 10, 2007, a written contract was entered into by Plaintiff with Defendant Blossom, the essential terms of which are as follows: a) Defendants represented and agreed that its facility was appropriate for patients with dementia. Defendants further agreed that plaintiff would be properly secured and maintained within a 24 hour facility and further agreed to provide and monitor plaintiff within a secure environment with alarms and cameras to monitor plaintiff's movements and condition."

Plaintiff then goes on to provide the conclusory statement that Blossom Valley Inn breached the written contract as set forth above by refusing to keep Plaintiff safe, failing to provide care to Plaintiff as an Alzheimer's patient, and allowing Plaintiff to wander off the premises. These allegations are defective for three primary reasons. First, the cause of action fails to set forth the exact language of the contract at issue or to attach the contract to the Complaint as required by law. Second, the cause of action alleged fails to set forth specific facts as to how the contract as set forth was breached. Lastly, the facts alleged by Plaintiff in the Complaint as to how Blossom Valley Inn allegedly breached the written contract by refusing to keep Plaintiff safe, failing to provide care to Plaintiff as an Alzheimer's patient, and allowing Plaintiff to wander off the premises **actually contradict the facts as pled by plaintiff in the preceding paragraphs.**

///

///

MOTION TO DISMISS

(07 CV 2229)

Plaintiff alleges in paragraphs 13-15 that he entered the facility for care of his Alzheimer's dementia; that Blossom Valley Inn's employees attempted to convince or "instruct" Plaintiff to return once he walked out of the facility; the door Plaintiff walked out of at Blossom Valley Inn set off an alarm; Defendant's employees never let Plaintiff out of their supervision and followed Plaintiff outside of the facility and down the street; when employees of the facility were unsuccessful at getting Plaintiff to voluntarily return due to his mental capacity they telephoned police and advised them an Alzheimer's patient left the facility and they required help getting him to return to the facility.

Thus, if the facts as pled by Plaintiff are taken as true, it is clear Blossom Valley Inn did comply with all the terms of the contract as set forth by Plaintiff in the Fifth Cause of Action as Plaintiff was fully supervised by Blossom Valley Inn staff who did not leave his side and attempted to get him to return to the facility once he left but he refused and there was an alarm in place on the door Plaintiff walked out of.  The facts alleged by Plaintiff actually demonstrate the terms of the contract as set forth in the Complaint were fully complied with as opposed to breached by Blossom Valley Inn.

///

6

**MOTION TO DISMISS**

(07 CV 2229)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**4.** **THE SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH**

Plaintiff's Sixth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing again is devoid of a single citation, statute, regulation or case law to establish Plaintiff has a right to an implied covenant of good faith and fair dealing. Again if this is to be derived from a written contract as the Complaint alleges, the contract it is not attached. There is no authority for this contention. Since Plaintiff alleges this cause of action is derived from the same written contract as was set forth in the breach of contract cause of action then the Sixth Cause of Action is duplicative of the fifth and fails to state a cause of action for the same reasons as the breach of contract cause of action; namely, the facts as set forth by Plaintiff in this Complaint show Blossom Valley Inn fully complied with the terms of the contract. Thus, Plaintiff cannot possible prove Blossom Valley Inn breached an implied term if it never breached an actual term and has never set forth any term precisely. The concept is ludicrous. The court should grant Blossom Valley Inn's motion.

**5.** **THE FACTS PLED DO NOT SUPPORT A CLAIM FOR GENERAL NEGLIGENCE AGAINST BLOSSOM VALLEY INN**

Plaintiff's Eighth Cause of Action is for General Negligence. As is the case

7

throughout the entire Complaint, Plaintiff admits Blossom Valley Inn acted within the standard of care. The facts set forth by the Compliant prove Blossom Valley Inn and its employees acted reasonably at all times thus it is impossible to allege Negligence against the facility, let alone Elder Abuse or Fraud.

In order to prevail on a Negligence Cause of Action, Plaintiff must provide the elements of common law negligence, which are: (1) duty; (2) breach of duty; (3) proximate cause; and (4) damages. <u>Lockheed Martin Corp. v. Superior Court (Carrillo)</u>, (2003) 29 Cal.4th 1096, 1106. An action for professional negligence requires the **additional** pleading of the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise, and a breach of that duty. <u>Budd v. Nixen</u> (1971) 6 Cal. 3d 195, 200.

Again, Plaintiff fails to provide any citation, case law, regulation, statute, or any authority as to support its allegations of negligence against Blossom Valley Inn. To the contrary, the negligence cause of action actually alleges a duty that does not exist and then alleges not a single fact to show how that or any other duty alleged was actually breached, instead actually alleging once again no duty was breached. Thus, the Complaint fails to allege duty or breach in the standard of care; instead, it alleges a duty Defendant allegedly violated which does not exist; however, these allegations are insufficient to state a Negligence Cause of Action.

MOTION TO DISMISS

(07 CV 2229)

The Complaint's charging paragraph for Negligence states Blossom Valley Inn, "failing and refusing to ensure Plaintiff's safety at all times and….to ensure Plaintiff's safety at the hands of law enforcement officials"

Thus, Plaintiff's charging allegations ignore the law enforcement privilege of law enforcement officials.  Once a person is apprehended by a law enforcement agent of the state or federal government he or she is no longer within the custody of a care facility and the duty of a care facility ceases to exist for a patient no longer residing at the facility.  To argue to the contrary would be to require the ridiculous result that the law would require a healthcare facility employee ride with a patient who had been detained in a police car, and then stay with a patient who was subsequently imprisoned.  Even if a patient is just transferred to another facility then the caregivers of one do not follow the patient to the other.

Again, after listing legally unrecognizable duties that Blossom Valley Inn purportedly violated, Plaintiff then concludes "[d]efendants'…breached their duty to Plaintiff…" There are no specific instances of conduct alleged or any acts of Negligence alleged as against Blossom Valley.  Clearly, no meaningful facts are presented to demonstrate how Blossom Valley failed to perform its duties, either statutory or common law.  There are no facts alleged to support the conclusory allegation that the conduct of Blossom Valley Inn caused Plaintiff any injury since

9

the facts alleged by Plaintiff demonstrate the opposite, that it was the parties who had custody of Mr. Hogue after he left Blossom Valley Inn who allegedly injured Mr. Hogue.  Accordingly, there are insufficient facts pled to establish the subject elements of Negligence.  The Court must grant Blossom Valley Inn's Motion to Dismiss.

**6.**    **THE FACTS PLED DO NOT SUPPORT A CLAIM FOR ELDER NEGLECT AND ABUSE AGAINST BLOSSOM VALLEY INN**

Plaintiff's Ninth Cause of Action is for "Elder Neglect and Abuse" or Violation of the Elder Abuse and Dependant Adult Civil Protection Act.  Again, as Plaintiff cannot establish Blossom Valley Inn was negligent at any time, Plaintiff cannot demonstrate the facts necessary to sustain an Elder Abuse claim which requires a high threshold of egregious conduct.

Elder Abuse under Welfare & Institutions Code § 15600 et. seq. specifically § 15657 provides that a Cause of Action lies:

> "Where it is proven by clear and convincing evidence that a defendant is liable for physical abuse as defined in Section 15610.63, or neglect as defined in Section 15610.57, and that the defendant has been guilty of recklessness, oppression, fraud, or malice in the commission of this abuse…"

In the instant case, Plaintiff fails to allege both physical abuse and neglect against Blossom Valley Inn. (Complaint, para. 65)

///

10

**A.     There Are No Pled Facts to Establish Physical Abuse**

Facts establishing "physical abuse" under Welfare & Institutions Code § 15610.63 are quite specific and mirror Penal Code Violations.  These include Assault, Battery, Assault with a Deadly Weapon, Rape, Sexual Battery as defined under the Penal Code, as well as using restraints.  The Complaint pleads none of the above on behalf of Blossom Valley Inn and its employees.  All allegations of assault and/or battery to Plaintiff in the Complaint are by police officers and not Blossom Valley Inn or its employees.  Thus Plaintiff has not pled sufficient facts to bring a claim for "physical abuse" against Blossom Valley Inn. (Complaint, para. 13-20).

**B.     Plaintiff Does Not Properly Plead Statutory Neglect**

Plaintiff's Ninth Cause of Action for Elder Abuse is without the requisite factual support.  Plaintiff pled a list of facts in paragraphs 13-20, then concluded that Mr. Hogue sustained "neglect" because Blossom Valley Inn "failed to use the degree of care that a reasonable person in the same situation would have used…" These may be mere allegations of negligence but fail to rise to the culpable conduct required of neglect under the Elder Abuse Act.  Plaintiff has clearly confused the standards for neglect under the Elder Abuse Act and negligence. Previously, there had been much debate as to whether the definition of statutory

11

"neglect" under § 15610.57 was the same standard as negligence due to the legislature's use of the "reasonable person" standard.   The distinction was clarified by the Supreme Court in <u>Covenant Care, Inc. v. Superior Court (Inclan)</u>, (2004) 32 Cal.4th 771:

> As used in the Act, **neglect refers not to the substandard performance of medical services but, rather**, to the "failure of those responsible for attending to the basic needs and comforts of elderly or dependent adults, regardless of their professional standing, **to carry out their custodial obligations.**"   Thus, the statutory definition of neglect speaks not of the *undertaking* of medical services, but of the failure to *provide* medical care.   <u>Covenant Care</u>, 32 Cal.4th at 783, citing <u>Delaney v. Baker,</u> (1999) 20 Cal.4th 23, 34.

The Supreme Court in <u>Covenant Care</u> defined "neglect" as a failure to provide custodial care, **as opposed to the substandard performance of care**. Therefore, as a starting point, Plaintiff **cannot allege neglect in Blossom Valley's substandard performance of care as a matter of law; however, that is exactly what they have alleged.**   The Elder Abuse Cause of Action is actually an allegation that Blossom Valley Inn failed to exercise the degree of care of a reasonable person, as such this conduct cannot rise to the level of neglect under the Elder Abuse Act.   The Court should therefore grant the motion to dismiss.

## C.   Plaintiff Does Not Plead Sufficient Facts for a Statutory Cause of Action

MOTION TO DISMISS

(07 CV 2229)

Covenant Care also made it clear that Elder Abuse was a separate, statutory Cause of Action, not an enhanced remedy as frequently claimed. As such, the Supreme Court also applied "the general rule that statutory causes of action must be pleaded with **particularity**." Covenant Care at 790, citing Lopez v. Southern Cal. Rapid Trans. Dist., (1985) 40 Cal.3d 780, 795 (emphasis added). Moreover, WIC § 15657 requires proof by **clear and convincing** evidence.

Again Plaintiff's charging paragraph states Blossom Valley Inn, "failed to use the degree of care that a reasonable person in the same situation would have used…" There are no facts of neglect pled, let alone specific facts of neglect. This lack of facts is hardly Clear and Convincing Evidence of abuse, and the court should grant the motion to dismiss.

### D.    Plaintiff Did Not Allege Employer Direction or Ratification

WIC § 15657 applies the standards of CC § 3294(b) to a claim for Elder Abuse against an Employer. In turn, CC § 3294(b) requires that the employer knew of or ratified the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others. In the case of a corporate employer as here, plaintiff must show knowledge or ratification by an officer, director or "managing agent of the corporation." It is axiomatic that if Plaintiff cannot specify the acts of neglect that caused his damages, Plaintiff cannot

**MOTION TO DISMISS**

specifically plead the identity of the managing agents responsible for the acts. Plaintiff can do little more than allege that Blossom Valley Inn had a plan to under-staff the facility and improperly train its staff. Again, even if true, this is not clear and convincing evidence of anything. The Court should grant the motion to dismiss.

## 7. THE FACTS PLED DO NOT SUPPORT A CLAIM FOR FRAUDULENT OR NEGLIGENT MISREPRESENTATION AGAINST BLOSSOM VALLEY INN

Plaintiff fails to provide any facts with any specificity as to how Defendant made a misrepresentation, let alone a fraudulent or negligent misrepresentation.

Although the Tenth and Eleventh Causes of Action in Plaintiff's Complaint allege a misrepresentation by Blossom Valley Inn, Plaintiff does not allege anywhere which of Blossom Valley Inn's employees, officers, directors, managing agents, or authorized representatives said or concealed that which was fraudulent to whom, when, why, how, and under what circumstances. Instead, Plaintiff alleges only that, "Blossom and their agents, servants and employees…stated to Plaintiff, and Plaintiff's family, among other things, those representations set forth in paragraph 44 of the Fifth Cause of Action. Those facts

14

were in fact false." (Complaint, para. 77-78).  These facts are conclusory at best and fail to allege either fraudulent or negligent misrepresentation.

Pursuant to Civil Code § 1710 there are four (4) kinds of deceit:

1.    The suggestion, as a fact, of that which is not true by who does not believe it to be true;

2.    The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

3.    The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts, which are likely to mislead for want of communication of that fact; or,

4.    A promise, made without any intention of performing it.

The Tenth Cause of Action for Fraudulent Misrepresentation is an allegation of Fraud.  Fraud allegations **must** be pleaded **specifically**.  Committee on Children's Television, Inc. v. General Foods Corp. (1983) 35 Cal. 3d 197, 216. Every element to the cause of action must be pled in full, factually and specifically.  Wilhelm v. Pray, Price, Williams & Russell (1986) 186 Cal. App. 3d 1324, 1332; Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal. App. 3d 104.  The policy of liberal construction **will not** be employed to sustain a materially defective pleading of Fraud.  Id.

15

This particularity requirement requires the pleading of facts showing how, when, where, to whom, and by what means the representations, or concealment, were effected.  Stansfield v. Starkey (1990) 220 Cal. App.3d 59, 73.  The plaintiff must also specifically plead damages and causation.  Service by Medallion, Inc. v. Clorox Co. (1996) 44 Cal. App. 4th 1807, 1818.  This includes a definite amount of damages.  Nagy v. Nagy (1989) 210 Cal. App. 3d 1262, 1268-9.

Plaintiff has failed to properly plead the Fraud cause of action.  The allegations made in support of this claim are nebulous at best, lacking information as to when, how, by what method and by whom, information was withheld from them or misinformation provided to them.

Without the requisite degree of specificity, clearly missing from the Complaint, Plaintiff's Tenth Cause of Action for Fraudulent Misrepresentation cannot stand.

Further, Plaintiff makes the same exact allegation in the Eleventh Cause of Action for Negligent Misrepresentation that "Blossom…negligently made representations of material facts to Plaintiff as alleged in paragraph 44 of the Complaint."  As demonstrated in the discussion of Plaintiff's Breach of Contract and Negligence Causes of Action addressed above the alleged representations made by Blossom Valley Inn, in paragraph 44, **were fully complied with by**

16

**Blossom Valley Inn. Plaintiff's alleged facts provide the evidence of the facility's compliance with its alleged representations thus there can be no misrepresentation.**

## 8. <u>CONCLUSION</u>

Based on the above, the Court should grant the motion with prejudice as to Causes of Action Five, Six, Eight, Nine, Ten, and Eleven for failing to state a claim upon which relief can be granted.

Date:  December 27, 2007            **GIOVANNIELLO & MICHELS, LLP**


By:  _____
Alexander F. Giovanniello
Attorneys for DEFENDANT,
RENESTER VILLA, LLC dba THE
VALLEY INN n/k/a BLOSSOM VALLEY
INN (erroneously sued and served as
Blossom Valley Inn)

MOTION TO DISMISS

(07 CV 2229)

**PROOF OF SERVICE**

      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within entitled action; my business address is 1470 S. Valley Vista Drive, Suite 200, Diamond Bar, California 91765.

      On **December 27, 2007**, I served the foregoing document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT;  FRCP 12(b)(6); NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**, by placing the true copies thereof enclosed in sealed envelopes address as follows:

Robert A. Espinosa, Esq.
LAW OFFICES OF ROBERT A. ESPINOSA
1041 State Street
El Centro, CA 92243
Telephone: (760) 353-1410
Facsimile:  (760) 353-1457
*Attorneys for Plaintiffs*

(**XX**)  BY MAIL:    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business.

(  )    BY PERSONAL SERVICE: I caused such envelope to be delivered by hand by DDS Attorney Service to a representative of the office of the above addressee.

(  )    BY FEDERAL EXPRESS:   I caused said envelope(s) to be sent by Federal Express to the above addresses.

(  )    BY TELECOPIER:   I caused said document(s) to be transmitted by Telecopier to Facsimile Number (323) 291-1253.

      Executed on **December 27, 2007**, at Diamond Bar, California.

(XX)   FEDERAL    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Eva Moreno-Cerda

18

MOTION TO DISMISS

(07 CV 2229)