UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. HOGUE, by and through his Guardian ad Litem CASSI DePAOLI, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HOLTVILLE, a Public Entity, et al., <br><br> Defendants. | Case No. 07cv2229 WQH (WMc) <br><br> **NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE** |

**IT IS HEREBY ORDERED** that an Early Neutral Evaluation of your case will be held on **February 21, 2008** at **2:00 p.m.** in the chambers of the Honorable William McCurine, Jr., United States Magistrate Judge, 940 Front Street, Courtroom C, San Diego, California, 92101. **Absent extraordinary circumstances, requests for continuances will not be considered *unless* submitted in *writing* no less than fourteen (14) days prior to the scheduled conference.**

Pursuant to Local Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, **all named parties, all counsel, and any other person(s)**

07cv2229 WQH (WMc)

**whose authority is required to negotiate and enter into settlement shall appear <u>in person</u> at the conference,** shall be prepared to discuss the claims and defenses, and shall be legally and factually prepared to discuss and resolve the case at the Early Neutral Evaluation conference.  **Full authority to settle means that the individual present at the settlement conference has the unfettered discretion and authority to: 1) fully explore settlement options and to agree at that time to any settlement options; 2) agree at that time to any settlement terms acceptable to the parties; 3) change the settlement position of a party; and 4) negotiate monetary awards without being restricted to a specific sum certain**.

Where the suit involves the United States or one of its agencies, only United States counsel with full settlement authority need appear.  <u>As to all other parties, appearance by litigation counsel only is *not* acceptable</u>.

Requests to be excused from attendance for **extraordinary circumstances** must be in writing and received by the Court at least **fourteen (14) days** prior to the conference.  **Failure of required counsel and parties to appear <u>in person</u> will be cause for the imposition of sanctions.**  Sanctions will include, but are not limited to, the attorney's fees and travel costs of the other parties in the case.  In addition, the conference will not proceed and will be reset to another date.  All conference discussions will be informal, off the record, privileged, and confidential.

Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

In cases where a party is **<u>incarcerated</u>** at the time of the

scheduled conference, arrangements will be made for the incarcerated party to appear telephonically.

The parties are required to submit a short Early Neutral Evaluation Conference Statement about the case on a confidential basis no later than **seven (7) days** before the conference.

Rule 26 of the Federal Rules of Civil Procedure shall apply to this case. All discovery shall be stayed until after the Rule 26(f) conference, unless otherwise permitted by Rule 26(f) or court order.

In the event the case does not settle at the Early Neutral Evaluation Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference:

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

2. The scheduling of the Federal Rule of Civil Procedure 26(f) conference;

3. The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and

4. The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b).

Plaintiff's counsel shall give written notice of the Early Neutral Evaluation Conference to parties responding to the complaint after January 10, 2008.

///
///
///
///

Questions regarding this case may be directed to the Magistrate Judge's law clerk at (619) 557-6624.

**IT IS SO ORDERED.**

DATED: January 10, 2008

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

COPY TO:

HONORABLE WILLIAM Q. HAYES, U.S. DISTRICT JUDGE
ALL PARTIES AND COUNSEL OF RECORD

**NOTICE OF RIGHT TO CONSENT TO TRIAL
BEFORE A UNITED STATES MAGISTRATE JUDGE**

IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.