1  **SINGLETON & ASSOCIATES**
**TERRY SINGLETON, ESQ.**, State Bar No. 58316
2  1950 Fifth Avenue, Suite 200
San Diego, California  92101
3  (619) 239-3225

4  **LAW OFFICES OF ROBERT A. ESPINOSA**
**ROBERT A. ESPINOSA, ESQ.**, State Bar No. 56961
5  1041 State Street
6  El Centro, California 92243
(760)353-1410
7

8

9  Attorneys for PLAINTIFF

10

11              IN THE UNITED STATES DISTRICT COURT

12         IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14

15  WILLIAM A. HOGUE, by and through       )    CIVIL NO. 07-CV-2229 WQH (WMC)
his Guardian ad Litem CASSI DePAOLI,   )
16                                         )    MEMORANDUM OF POINTS AND
        Plaintiff,                     )    AUTHORITIES IN OPPOSITION
17                                         )    TO DEFENDANT BLOSSOM VALLEY
vs.                                    )    INN'S MOTION TO DISMISS
18                                         )    THE COMPLAINT
19  CITY OF HOLTVILLE, A Public            )
Entity; OFFICER BARRY FORNEY, an       )
20  Individual; OFFICE THOMAS IP, an       )
Individual; BLOSSOM VALLEY INN,        )
21  business form unknown, TINA TOTEN,     )    DATE:      February 4, 2008
an Individual; NURSE DOE #21, an       )    TIME:      11:00 a.m.
22  Individual; and DOES 1 to 100,         )    CTRM:      4
Inclusive.                             )
23                                         )
                                       )
24        Defendant.                     )

25  _____

26

27  _____
**Plaintiff's Opposition to Motion to Dismiss**

28

1
2
3

## TABLE OF CONTENTS CONTINUED

<u>Page</u>

4
5
6

    D.    PLAINTIFF'S ELDER NEGLECT OR ABUSE
            CAUSE OF ACTION HAS BEEN PROPERLY
            PLEAD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7
8
9

    E.    PLAINTIFF'S FRAUDULENT
            MISREPRESENTATION CAUSE OF ACTION
            HAS BEEN PROPERLY PLEAD . . . . . . . . . . . . . . . . . . 12

10
11

    F.    PLAINTIFF'S NEGLIGENT
            MISREPRESENTATION CAUSE OF ACTION
            HAS BEEN PROPERLY PLEAD . . . . . . . . . . . . . . . . . . 14

12
13

VI.    SHOULD THE COURT DEEM THE COMPLAINT
       DEFICIENT, PLAINTIFF SHOULD BE PERMITTED TO
       AMEND . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

14

VII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

15
16
17
18
19
20
21
22
23
24

ii

25
26
27

28

**TABLE OF AUTHORITIES**

**CASES**                                                                **PAGE**

Neitzke v. Williams,
    (1989) 490 U.S. 319, 328-329 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Parks School of Business, Inc. v. Symington,
    (9th Cir. 1995) 51 F.3d 1480, 1484  . . . . . . . . . . . . . . . . . . . . . . . . 4

Bernheim v. Litt,
    (2nd Cir. 1996) 79 F.3d 318, 321 . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jacobson v. Hughes Aircraft Co.,
    (9th Cir. 1997) 105 F.3d 1288, 1292 . . . . . . . . . . . . . . . . . . . . . . . . 4

Nami v. Fauver,
    (3rd Cir. 1996) 82 F.3d 63, 65  . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Allison v. California Adult Authority,
    (9th Cir. 1969) 419 F.2d 822, 823 . . . . . . . . . . . . . . . . . . . . . . . . . . 4

De La Cruz v. Tormey,
    (9th Cir. 1978) 582 F.2d 45, 64 . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conley v. Gibson,
    (1957) 355 U.S. 41, 47-48 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Jenkins v. McKeithen,
    (1969) 395 U.S. 411, 421  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Self Directed Placement Corp. v. Control Data Corp.,
    (9th Cir. 1990) F.2d 462, 466 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Swierkiewicz v. Sorema N.A.,
    (2002) 534 U.S. 506, 514  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iii

1  **SINGLETON & ASSOCIATES**
   **TERRY SINGLETON, ESQ.**, State Bar No. 58316
2  1950 Fifth Avenue, Suite 200
   San Diego, California  92101
3  (619) 239-3225

4  **LAW OFFICES OF ROBERT A. ESPINOSA**
   **ROBERT A. ESPINOSA, ESQ.**, State Bar No. 56961
5  1041 State Street
6  El Centro, California 92243
   (760)353-1410
7

8

9  Attorneys for PLAINTIFF

10

11                    IN THE UNITED STATES DISTRICT COURT

12           IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14

15 | WILLIAM A. HOGUE, by and through  )    CIVIL NO. 07-CV-2229 WQH (WMC)
   | his Guardian ad Litem CASSI DePAOLI,  )
16 |                                    )    MEMORANDUM OF POINTS AND
   |            Plaintiff,               )    AUTHORITIES IN OPPOSITION
17 |                                    )    TO DEFENDANT BLOSSOM VALLEY
   | vs.                                )    INN'S MOTION TO DISMISS
18 |                                    )    THE COMPLAINT
   | CITY OF HOLTVILLE, A Public        )
19 | Entity; OFFICER BARRY FORNEY, an   )
   | Individual; OFFICE THOMAS IP, an   )
20 | Individual; BLOSSOM VALLEY INN,    )
   | business form unknown, TINA TOTEN, )    DATE:      February 4, 2008
21 | an Individual; NURSE DOE #21, an   )    TIME:      11:00 a.m.
   | Individual; and DOES 1 to 100,     )    CTRM:      4
22 | Inclusive.                         )
   |                                    )
23 |            Defendant.              )
24

25

26

27  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    Plaintiff's Opposition to Motion to Dismiss

28

1
2
3

**TABLE OF CONTENTS CONTINUED**

4

Page

5
6

    D.    **PLAINTIFF'S ELDER NEGLECT OR ABUSE CAUSE OF ACTION HAS BEEN PROPERLY PLEAD** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7
8
9

    E.    **PLAINTIFF'S FRAUDULENT MISREPRESENTATION CAUSE OF ACTION HAS BEEN PROPERLY PLEAD** . . . . . . . . . . . . . . . . . . 12

10
11

    F.    **PLAINTIFF'S NEGLIGENT MISREPRESENTATION CAUSE OF ACTION HAS BEEN PROPERLY PLEAD** . . . . . . . . . . . . . . . . . . 14

12
13

**VI.**    **SHOULD THE COURT DEEM THE COMPLAINT DEFICIENT, PLAINTIFF SHOULD BE PERMITTED TO AMEND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

14

**VII.**    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

15
16
17
18
19
20
21
22
23
24

ii

25
26
27

28

**SINGLETON & ASSOCIATES**
**TERRY SINGLETON, ESQ.**, State Bar No. 58316
1950 Fifth Avenue, Suite 200
San Diego, California  92101
(619) 239-3225

**LAW OFFICES OF ROBERT A. ESPINOSA**
**ROBERT A. ESPINOSA, ESQ.**, State Bar No. 56961
1041 State Street
El Centro, California 92243
(760)353-1410

Attorneys for PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. HOGUE, by and through his Guardian ad Litem CASSI DePAOLI, )<br><br>    Plaintiff,         )<br><br>vs.              )<br><br>CITY OF HOLTVILLE, A Public Entity; OFFICER BARRY FORNEY, an Individual; OFFICE THOMAS IP, an Individual; BLOSSOM VALLEY INN, business form unknown, TINA TOTEN, an Individual; NURSE DOE #21, an Individual; and DOES 1 to 100, Inclusive.          )<br><br>    Defendant.         ) | CIVIL NO. 07-CV-2229 WQH (WMC)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BLOSSOM VALLEY INN'S MOTION TO DISMISS THE COMPLAINT<br><br><br>DATE:     February 4, 2008<br>TIME:     11:00 a.m.<br>CTRM:     4 |

Plaintiff's Opposition to Motion to Dismiss

1

2

**TABLE OF CONTENTS CONTINUED**

3

4
<u>Page</u>

5     D.   PLAINTIFF'S ELDER NEGLECT OR ABUSE
           CAUSE OF ACTION HAS BEEN PROPERLY
6          PLEAD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7     E.   PLAINTIFF'S   FRAUDULENT
           MISREPRESENTATION CAUSE OF ACTION
8          HAS BEEN PROPERLY PLEAD . . . . . . . . . . . . . . . . . . . 12

9

      F.   PLAINTIFF'S   NEGLIGENT
10         MISREPRESENTATION CAUSE OF ACTION
           HAS BEEN PROPERLY PLEAD . . . . . . . . . . . . . . . . . . . 14
11

12  VI.  SHOULD THE COURT DEEM THE COMPLAINT
         DEFICIENT, PLAINTIFF SHOULD BE PERMITTED TO
13       AMEND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

14  VII.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

Neitzke v. Williams,
     (1989) 490 U.S. 319, 328-329 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Parks School of Business, Inc. v. Symington,
     (9th Cir. 1995) 51 F.3d 1480, 1484 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bernheim v. Litt,
     (2nd Cir. 1996) 79 F.3d 318, 321 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jacobson v. Hughes Aircraft Co.,
     (9th Cir. 1997) 105 F.3d 1288, 1292 . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Nami v. Fauver,
     (3rd Cir. 1996) 82 F.3d 63, 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Allison v. California Adult Authority,
     (9th Cir. 1969) 419 F.2d 822, 823 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

De La Cruz v. Tormey,
     (9th Cir. 1978) 582 F.2d 45, 64 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conley v. Gibson,
     (1957) 355 U.S. 41, 47-48 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Jenkins v. McKeithen,
     (1969) 395 U.S. 411, 421 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Self Directed Placement Corp. v. Control Data Corp.,
     (9th Cir. 1990) F.2d 462, 466 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Swierkiewicz v. Sorema N.A.,
     (2002) 534 U.S. 506, 514 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iii

---

Plaintiff's Memorandum of Points and Authorities

1  **SINGLETON & ASSOCIATES**
   **TERRY SINGLETON, ESQ.**, State Bar No. 58316
2  1950 Fifth Avenue, Suite 200
   San Diego, California 92101
3  (619) 239-3225

4  **LAW OFFICES OF ROBERT A. ESPINOSA**
   **ROBERT A. ESPINOSA, ESQ.**, State Bar No. 56961
5  1041 State Street
6  El Centro, California 92243
   (760)353-1410

7

8

9  Attorneys for PLAINTIFF

10

11            IN THE UNITED STATES DISTRICT COURT

12       IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14

15  WILLIAM A. HOGUE, by and through      )   CIVIL NO. 07-CV-2229 WQH (WMC)
    his Guardian ad Litem CASSI DePAOLI,  )
16                                        )   MEMORANDUM OF POINTS AND
            Plaintiff,                    )   AUTHORITIES IN OPPOSITION
17                                        )   TO DEFENDANT BLOSSOM VALLEY
    vs.                                   )   INN'S MOTION TO DISMISS
18                                        )   THE COMPLAINT
19  CITY OF HOLTVILLE, A Public           )
    Entity; OFFICER BARRY FORNEY, an      )
20  Individual; OFFICE THOMAS IP, an      )
    Individual; BLOSSOM VALLEY INN,       )
21  business form unknown, TINA TOTEN,    )   DATE:      February 4, 2008
    an Individual; NURSE DOE #21, an      )   TIME:      11:00 a.m.
22  Individual; and DOES 1 to 100,        )   CTRM:      4
    Inclusive.                            )
23                                        )
                                          )
24          Defendant.                    )

25  _____

26

27  _____
    Plaintiff's Opposition to Motion to Dismiss

28

1   **SINGLETON & ASSOCIATES**
    **TERRY SINGLETON, ESQ.**, State Bar No. 58316
2   1950 Fifth Avenue, Suite 200
    San Diego, California  92101
3   (619) 239-3225

4   **LAW OFFICES OF ROBERT A. ESPINOSA**
    **ROBERT A. ESPINOSA, ESQ.**, State Bar No. 56961
5   1041 State Street
    El Centro, California 92243
6   (760)353-1410

7

8

9   Attorneys for PLAINTIFF

10

11              IN THE UNITED STATES DISTRICT COURT

12          IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14

15   WILLIAM A. HOGUE, by and through    )    CIVIL NO. 07-CV-2229 WQH (WMC)
     his Guardian ad Litem CASSI DePAOLI, )
16                                         )   MEMORANDUM OF POINTS AND
            Plaintiff,                     )   AUTHORITIES IN OPPOSITION
17                                         )   TO DEFENDANT BLOSSOM VALLEY
     vs.                                   )   INN'S MOTION TO DISMISS
18                                         )   THE COMPLAINT
     CITY OF HOLTVILLE, A Public           )
19   Entity; OFFICER BARRY FORNEY, an      )
     Individual; OFFICE THOMAS IP, an      )
20   Individual; BLOSSOM VALLEY INN,       )
     business form unknown, TINA TOTEN,    )   DATE:      February 4, 2008
21   an Individual; NURSE DOE #21, an      )   TIME:      11:00 a.m.
     Individual; and DOES 1 to 100,        )   CTRM:      4
22   Inclusive.                            )
                                           )
23          Defendant.                     )
24                                         )

25

26

27   _____
     Plaintiff's Opposition to Motion to Dismiss

28

# TABLE OF CONTENTS

Page

**Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i-vi

I.      STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     STANDARD OF REVIEW ON A MOTION TO DISMISS . . . . . . . . 4

        A.    A Motion to Dismiss is <u>Not</u> the Proper Vehicle
              for Challenging the Lack of Evidentiary Proof of
              Plaintiff's Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.    At the Pleading Stage, the Plaintiff is <u>Not</u>
              Required to Plead "Evidentiary Facts." . . . . . . . . . . . . . . . . 5

V.      DEFENDANT'S MOTION TO DISMISS SHOULD BE
        DENIED AS PLAINTIFF HAS PROPERLY PLEAD HIS
        FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH AND
        ELEVENTH CAUSES OF ACTION . . . . . . . . . . . . . . . . . . . . 6

        A.    PLAINTIFF'S  BREACH  OF  CONTRACT
              CAUSE OF ACTION HAS BEEN PROPERLY
              PLEAD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    PLAINTIFF'S  BREACH  OF  IMPLIED
              COVENANT OF GOOD FAITH CAUSE OF
              ACTION HAS BEEN PROPERLY PLEAD . . . . . . . . . . . . . 7

        C.    PLAINTIFF'S  NEGLIGENCE  CAUSE  OF
              ACTION HAS BEEN PROPERLY PLEAD . . . . . . . . . . . . . 8

i

1
2
3

**TABLE OF CONTENTS CONTINUED**

4

<u>Page</u>

5
       D.    PLAINTIFF'S ELDER NEGLECT OR ABUSE
              CAUSE OF ACTION HAS BEEN PROPERLY
6
              PLEAD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7
       E.    PLAINTIFF'S FRAUDULENT
              MISREPRESENTATION CAUSE OF ACTION
8
              HAS BEEN PROPERLY PLEAD . . . . . . . . . . . . . . . . . 12

9
       F.    PLAINTIFF'S NEGLIGENT
10
              MISREPRESENTATION CAUSE OF ACTION
              HAS BEEN PROPERLY PLEAD . . . . . . . . . . . . . . . . . 14
11

12
VI.    SHOULD THE COURT DEEM THE COMPLAINT
           DEFICIENT, PLAINTIFF SHOULD BE PERMITTED TO
13
           AMEND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

14
VII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

15
16
17
18
19
20
21
22
23
24

ii

25
26
27

28

1

2

**TABLE OF AUTHORITIES**

3

**CASES**                                                    **PAGE**

4

5

Neitzke v. Williams,
     (1989) 490 U.S. 319, 328-329 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Parks School of Business, Inc. v. Symington,
     (9th Cir. 1995) 51 F.3d 1480, 1484 . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bernheim v. Litt,
     (2nd Cir. 1996) 79 F.3d 318, 321 . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jacobson v. Hughes Aircraft Co.,
     (9th Cir. 1997) 105 F.3d 1288, 1292 . . . . . . . . . . . . . . . . . . . . . . . . 4

Nami v. Fauver,
     (3rd Cir. 1996) 82 F.3d 63, 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Allison v. California Adult Authority,
     (9th Cir. 1969) 419 F.2d 822, 823 . . . . . . . . . . . . . . . . . . . . . . . . . . 4

De La Cruz v. Tormey,
     (9th Cir. 1978) 582 F.2d 45, 64 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conley v. Gibson,
     (1957) 355 U.S. 41, 47-48 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Jenkins v. McKeithen,
     (1969) 395 U.S. 411, 421 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Self Directed Placement Corp. v. Control Data Corp.,
     (9th Cir. 1990) F.2d 462, 466 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Swierkiewicz v. Sorema N.A.,
     (2002) 534 U.S. 506, 514 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

iii

25

26

27

28

**CASES CONTINUED**                                                 **PAGE**

Gilligan v. Jamco Develop. Corp.,
    (9th Cir. 1997) 108 F.3d 246, 249 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Leatherman v. Tarrant County Narcotics Interlligence
& Coord. Unit,
    (1993) 507 U.S. 163, 168-169 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Bautista v. Los Angeles County,
    (9th Cir. 2000) 216 F.3d 837, 843 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Acoustics, Inc. v. Trepte Construction Co.,
    (1971) 14 Cal.App.3d 887, 913 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ladd v. County San Mateo,
    (1996) 12 Cal.4th 913, 917 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ann M. V. Pacific Plaza Shopping Center,
    (1993) 6 Cal.4th 666, 673 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,
    (1976) 57 Cal.App.3d 104, 109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Seeger v. Odell,
    (1941) 18 Cal.2d 409, 414 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Nelson v. Gaunt,
    (1981) 125 Cal.App.3d 623, 635 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Committee on Children's Television, Inc. v.
General Foods Corp.,
    (1983) 35 Cal.3d 197, 216 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

iv

1
2
3

**CASES CONTINUED**                                                    **PAGE**

4
5

Shapiro v. Wells Fargo Realty Advisors,
     (1984) 152 Cal.App.3d 467, 479 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Commonwealth Mortgage Assurance Co. v. Superior Court,
     (1989) 211 Cal.App.3d 508, 518 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Blankenheim v. E.F. Hutton & Co.,
     (1990) 217 Cal.App.3d 1463, 1472-1473 . . . . . . . . . . . . . . . . . . . . . . . . 14

Byrum v. Brand,
     (1990) 219 Cal.App.3d 926, 942 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Huber, Hunt & Nichols, Inc. v. Moore,
     (1977) 67 Cal.App.3d 278, 304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Foman v. Davis,
     (1962) 371 U.S. 178, 182 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Film Tech Corp. v. Hydranautics,
     (Fed. Cir. 1995) 67 F.3d 931, 935-936 . . . . . . . . . . . . . . . . . . . . . . . . . 16

Martinez v. Newport Beach City,
     (9th Cir. 1997) 125 F.3d 777, 785 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Swanson v. United States Forest Service,
     (9th Cir. 1996) 87 F.3d 339, 343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Ferguson v. Cape Girardau County,
     (8th Cir. 1996) 88 F.3d 647, 650 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Lone Star Ladies Invest. Club v. Scholitzsky's Inc.,
     (5th Cir. 2001) 238 F.3d 363, 367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

v

25
26
27

Plaintiff's Memorandum of Points and Authorities

28

**OTHER AUTHORITY** **PAGE**

Federal Rules of Civil Procedure Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rules of Civil Procedure, Rule 1, 8(f) . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Rules of Civil Procedure, Rule 15(a) . . . . . . . . . . . . . . . . . . . . . . . . 16

California Civil Code §1714(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,10

California Jury Instructions, CACI 325 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

California Jury Instructions, CACI 3106 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

California Jury Instructions, CACI 3104 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

California Jury Instructions, BAJI 12.45 . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1 Witkin, Summary of California Law, (9th ed. 1987)
    Contracts, §791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6 Witkin, Summary of California Law, (9th ed. 1988)
    Torts, §729-734, 748, 749 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5 Witkin, Summary of Cal. Law (9th ed. 1988)
    Torts, Section 676, p. 778 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

vi

Plaintiff, WILLIAM A. HOGUE, by and through his Guardian ad Litem, CASSI DePAOLI, hereby submits the following Memorandum of Points and Authorities in opposition to defendant, RENESTER VILLA, LLC, dba THE VALLEY INN, nka BLOSSOM VALLEY INN's (herein after "BLOSSOM VALLEY") motion to dismiss Plaintiff's complaint as follows:

## I

## STATEMENT OF FACTS

On or about January 10, 2007, Plaintiff WILLIAM HOGUE, who suffers from Alzheimer's disease, took up residence at BLOSSOM VALLEY. His residency with them was necessitated by Plaintiff's inability to live alone due to his mental incapacity due to Alzheimer's disease. Prior to his admission, BLOSSOM VALLEY was made fully aware that Plaintiff suffers from Alzheimer's disease, and its ramifications. In fact, in making the determination that BLOSSOM VALLEY was an appropriate facility for Plaintiff, Plaintiff's family relied upon BLOSSOM VALLEY's representations that BLOSSOM VALLEY and its staff were fully trained and "set up" to care for residents suffering from Alzheimer's, as well as BLOSSOM VALLEY's assurances that the staff of BLOSSOM VALLEY was able to properly and adequately care for such patients. Plaintiff is retired, is approximately 5'6" tall and weighs approximately 150 pounds. Plaintiff is also **80 years old**.

On or about January 10, 2007, at approximately 10:30 p.m., while in a state of complete confusion due to his mental incapacity, Plaintiff walked out the front door of BLOSSOM VALLEY, setting off the alarm. The Plaintiff violated no laws or ordinances by leaving BLOSSOM VALLEY, nor did he pose any danger to the public as a result of his leaving. Upon hearing the alarm, Defendant TINA TOTEN and NURSE DOE 21, followed Plaintiff outside

of BLOSSOM VALLEY and down the street. They were unsuccessful in getting the Plaintiff to voluntarily return to his room due solely to Plaintiff's inability to comprehend and obey instructions. Unable to obtain Plaintiff's cooperation, an unknown employee of BLOSSOM VALLEY telephoned the CITY's police department and advised them, inter alia, that an Alzheimer's patient had left the home and needed assistance in returning to the facility.

The Plaintiff had already turned back and was walking back to BLOSSOM VALLEY on his own accord, when he was confronted by Defendant Officers FORNEY and IP. At that time, the Plaintiff was neither armed nor violent. Defendant Officer IP immediately confronted and accosted the Plaintiff. In a hostile manner, Officer IP demanding that Plaintiff tell him his name and to stop where he was. Upon Plaintiff's failure to immediately respond to IP's commands, Officers IP and FORNEY violently and without any justification or excuse, assaulted and battered the Plaintiff. The Officers grabbed him on either side and slammed him face down on the ground, and while kneeling on his back forcefully handcuffed him behind his back. Once handcuffed, Officers IP and FORNEY then lifted the Plaintiff off of the ground by the handcuffs. In so doing, they utilized such extreme force that they caused a severe fracture of Plaintiff's upper left arm just below the shoulder.

During this assault, Officer FORNEY heard a "popping noise" while he and Officer IP were attempting to place Plaintiff in handcuffs. As a result of Defendants' conduct, the Plaintiff's sustained severe injuries. The Officers then summoned the Holtville Fire Department paramedics. The Plaintiff was then transported to the El Centro Regional Medical Center.

At no time during or after this entire assault, did the NURSES or BLOSSOM VALLEY staff ever attempt to intervene on Plaintiff's behalf, make any attempt whatsoever to protect the

Plaintiff from the brutality of FORNEY and/or IP, or subsequently attempt to render emergency aid and comfort to the Plaintiff.

## II

### PROCEDURAL HISTORY

On November 21, 2007, Plaintiff, WILLIAM A. HOGUE, by and through his Guardian ad Litem CASSI DePAOLI, filed his complaint against Defendants CITY OF HOLTVILLE, OFFICER BARRY FORNEY, OFFICER THOMAS IP, BLOSSOM VALLEY, TINA TOTEN and NURSE DOE #21. In his complaint, the Plaintiff alleges causes of action against Defendant BLOSSOM VALLEY for Breach of Contract, Breach of Implied Covenant of Good faith and Fair Dealing, General Negligence, Elder Neglect and Abuse, (Violation of the Elder Abuse and Dependent Adult Civil Protection Act), Fraudulent Misrepresentation and Negligent Misrepresentation.

On January 4, 2008, Plaintiff was served with Defendant BLOSSOM VALLEY's instant notice of motion and motion to dismiss Plaintiff's complaint.

## III

### SUMMARY OF ARGUMENT

In the present case, Defendant BLOSSOM VALLEY has filed a motion to dismiss Plaintiff's complaint wherein its seeks to persuade this Court that the Plaintiff is required to set forth facts which <u>prove</u> his causes of action. In pleading his complaint and each of cause of action, Defendant would have Plaintiff prove by <u>evidentiary facts</u>, the basis for setting forth a cause of action when all that is required for pleading purposes, is to state the **elements of a cause of action** with **sufficient facts to support** the cause of action and **put Defendant on notice as to why it is being sued**. Actual proof of the Plaintiff's causes of action is a process

1    which is reserved for trial after investigation and discovery has been conducted which would in

2    turn allow the Plaintiff to present the best evidence to prove those causes of action in front of

3    the trier of fact.

4    Further, issues as to whether the Plaintiff can prove the allegations set forth in each of

5    his causes of action is better resolved by way of Motion for Judgment on the Pleadings,

6

7    Summary Judgment or Summary Adjudication of Issues and not by way of Motion to Dismiss.

8                                            **IV**

9                    **STANDARD OF REVIEW ON A MOTION TO DISMISS**

10        **A.    A Motion to Dismiss is Not the Proper Vehicle for Challenging**

11            **the Lack of Evidentiary Proof of Plaintiff's Claims.**

12        A motion Rule 12(b)(6) motion is not the proper vehicle to challenge alleged unsupported

13    claims or defenses . . . because no matter how unlikely, the pleaded allegations in the complaint

14    must be accepted as true, no matter how improbable, for purposes of ruling on a Rule 12(b)(6)

15    motion.  Neitzke v. Williams, (1989) 490 U.S. 319, 328-329.  A complaint must be construed

16    in the light most favorable to the plaintiff.  Parks School of Business, Inc. v. Symington, (9th

17    Cir. 1995) 51 F.3d 1480, 1484.  "Recovery may seem remote and unlikely on the face of the

18

19    pleading, but that is not the test for dismissal."  Bernheim v. Litt, (2nd Cir. 1996) 79 F.3d 318,

20    321.  The court's role at the 12(b)(6) stage is not to decide winners and losers or evaluate the

21    strength or weakness of claims."  Jacobson v. Hughes Aircraft Co., (9th Cir. 1997) 105 F.3d

22    1288, 1292.  Problems of proof are irrelevant as the courts do not inquire "whether the plaintiffs

23    will ultimately prevail . . ."  Nami v. Fauver, (3rd Cir. 1996) 82 F.3d 63, 65; See also, Allison

24    v. California Adult Authority, (9th Cir. 1969) 419 F.2d 822, 823.  Alleged unsupported claims

25

26    are challenged by a motion for summary judgment.  After an opportunity for discovery,

27

28

1    summary judgment may be granted if the pleader is unable to produce facts supporting the

2    claims alleged. See, De La Cruz v. Tormey, (9th Cir. 1978) 582 F.2d 45, 64.

3        **B.    At the Pleading Stage, the Plaintiff is <u>Not</u> Required to Plead
           "Evidentiary Facts."**

4

5    The Federal pleading requirements are very liberal.  Federal courts fallow **"notice**

6    **pleading"**, requiring only a "short and plain statement of the claim showing that the pleader is

7    entitled to relief. . . ."  Federal rules are designed specifically to minimize disputes over

8    pleading technicalities. See FRCP 1, 8(f). The Federal Rules provide for **"notice pleading."**

9    A party need only give **fair notice** of the pleader's claim. See, <u>Conley v. Gibson</u>, (1957) 355

10   U.S. 41, 47-48.  Pleadings are construed liberally in favor of the pleader.  <u>Jenkins v.</u>

11   <u>McKeithen</u>, (1969) 395 U.S. 411, 421.  It is <u>not</u> necessary to specify the precise nature of a

12   claim asserted as long as the facts alleged <u>put defendant on notice</u> thereof.  <u>Self Directed</u>

13   <u>Placement Corp. v. Control Data Corp.</u>, (9th Cir. 1990) F.2d 462, 466.  "The liberal notice

14   pleading was adopted to focus litigation on the merits of a claim."  <u>Swierkiewicz v. Sorema</u>

15   <u>N.A.</u>, (2002) 534 U.S. 506, 514.  In challenging the sufficiency of the complaint, <u>all</u> of its

16   material <u>allegations</u> are taken as <u>true</u>.  <u>Jenkins v. McKeithen</u>, (1969) 395 U.S. 411, 421;

17   <u>Gilligan v. Jamco Develop. Corp.</u>, (9th Cir. 1997) 108 F.3d 246, 249 (Rule 8 contains "a

18   powerful presumption against rejecting pleadings for <u>failure to state a claim</u>").  Thus, "[F]ederal

19   courts and litigants must rely on summary judgment and control of discovery to weed out

20

21   unmeritorious claims. . . ."  <u>Leatherman v. Tarrant County Narcotics Interllligence & Coord.</u>

22   <u>Unit</u>, (1993) 507 U.S. 163, 168-169; see also, <u>Bautista v. Los Angeles County</u>, (9th Cir. 2000)

23

24   216 F.3d 837, 843.

25

26

27

28

**V**

## DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED AS PLAINTIFF HAS PROPERLY PLEAD HIS FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH AND ELEVENTH CAUSES OF ACTION

In the present case, Defendant BLOSSOM VALLEY seeks to persuade the Court that Plaintiff has failed to adequately plead causes of action for Breach of Contract, Breach of Implied Covenant, Negligence, Elder Abuse and, Fraudulent and Negligent Misrepresentation. In support of its argument, Defendant refers to isolated portions and words in Plaintiff's complaint as though they exist in a vacuum. They do not. Plaintiff directs the attention of the Court to each cause of action in the complaint and facts which support each cause of action alleged by Plaintiff. In reading Plaintiff's complaint, this Court will find that Plaintiff has alleged his Causes of Action with sufficient specificity to allow Defendant to understand fully the nature of the charge made against it. Further, the facts in his Causes of Action, read not in isolation, but in the context of the rest of the allegations contained in Plaintiff's complaint, adequately plead a cause of action for Breach of Contract, Breach of Implied Covenant, Negligence, Elder Abuse and, Fraudulent and Negligent Misrepresentation.

### A. PLAINTIFF'S BREACH OF CONTRACT CAUSE OF ACTION HAS BEEN PROPERLY PLEAD

In California, the essential elements of a Breach of Contract cause of action are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom. Acoustics, Inc. v. Trepte Construction Co., (1971) 14 Cal.App.3d 887, 913. See also, 1 Witkin, Summary of California Law, (9th ed. 1987) Contracts, §791.

1  In this case, Plaintiff has alleged in his Breach of Contract Cause of Action as follows:

2  "44.    Plaintiff alleges that on or about January 10, 2007, a written contract was entered into by Plaintiff and Defendant BLOSSOM, the essential terms of which
3  are as follows;

4  Defendants represented and agreed that its facility was appropriate for patients with dementia. Defendant further agreed that plaintiff would be properly secured
5  and maintained within a 24 hour facility and further agreed to provide and
6  monitor plaintiff within a secure environment . . . .

7  45.    In or about January, 2007, Defendants, and each of them breached the contract by . . .:
8

9  a)    Failing to secure the Plaintiff safe and secure . . .

10  b)    Failing and refusing to adequately, appropriately and competently provide care to Plaintiff . . .
11

12  c)    Allowing Plaintiff to wonder off the premises . . .

13  47.    Plaintiff suffered damages legally (proximately) caused by Defendants' breaches . . . "
14

15  In this case, Plaintiff's Breach of Contract Cause of Action is properly plead. Defendant

16  argues that the cause of action fails to set forth specific facts. However, a careful review of the

17  allegations in this cause of action, along with the others, makes clear that Plaintiff has properly

18  plead this cause of action. Therefore, Defendant's motion to dismiss should be denied.

19  **B.    PLAINTIFF'S BREACH OF IMPLIED COVENANT OF**
20  **GOOD FAITH CAUSE OF ACTION HAS BEEN PROPERLY**
**PLEAD**
21

22  California Jury Instructions, CACI 325 provides, in pertinent part, as follows:

23  "In every contract or agreement there is an implied promise or good faith and fair dealing. This means that each party will not do anything to unfairly interfere
24  with the right to any other party to receive the benefits of a contract; however, the implied promise of good faith and fair dealing cannot create obligations that
25  are inconsistent with the terms of the contract.    [Plaintiff] claims that [Defendants] violated a duty to act fairly and in good faith. To establish this
26  claim, [Plaintiff] must prove all of the following:

27

28

1  In this case, Plaintiff has alleged in his Breach of Contract Cause of Action as follows:

2  "44.    Plaintiff alleges that on or about January 10, 2007, a written contract was entered into by Plaintiff and Defendant BLOSSOM, the essential terms of which
3  are as follows;

4  Defendants represented and agreed that its facility was appropriate for patients with dementia. Defendant further agreed that plaintiff would be properly secured
5  and maintained within a 24 hour facility and further agreed to provide and
6  monitor plaintiff within a secure environment . . . .

7  45.    In or about January, 2007, Defendants, and each of them breached the contract by . . .:
8

9  a)    Failing to secure the Plaintiff safe and secure . . .

10  b)    Failing and refusing to adequately, appropriately and competently provide care to Plaintiff . . .
11

12  c)    Allowing Plaintiff to wonder off the premises . . .

13  47.    Plaintiff suffered damages legally (proximately) caused by Defendants' breaches . . . "
14

15  In this case, Plaintiff's Breach of Contract Cause of Action is properly plead. Defendant

16  argues that the cause of action fails to set forth specific facts. However, a careful review of the

17  allegations in this cause of action, along with the others, makes clear that Plaintiff has properly

18  plead this cause of action. Therefore, Defendant's motion to dismiss should be denied.

19  **B.    PLAINTIFF'S BREACH OF IMPLIED COVENANT OF**
20  **GOOD FAITH CAUSE OF ACTION HAS BEEN PROPERLY**
    **PLEAD**
21

22  California Jury Instructions, CACI 325 provides, in pertinent part, as follows:

23  "In every contract or agreement there is an implied promise or good faith and fair dealing. This means that each party will not do anything to unfairly interfere
24  with the right to any other party to receive the benefits of a contract; however,
    the implied promise of good faith and fair dealing cannot create obligations that
25  are inconsistent with the terms of the contract.    [Plaintiff] claims that
26  [Defendants] violated a duty to act fairly and in good faith. To establish this claim, [Plaintiff] must prove all of the following:
27

28

1.    That [Plaintiff] and [Defendant] entered into a contract;

2.    That [Plaintiff] did all, or substantially all of the significant things that the contract required [him] to do];

3.    That all conditions required for [Defendant]'s performance had occurred;

4.    That [Defendant] unfairly interfered with [Plaintiff]'s right to receive the benefits of the contract; and,

5.    That [Plaintiff] was harmed by [Defendant]'s conduct."

In this case, his cause of action for Breach of Implied Covenant of Good Faith and Fair Dealing, Plaintiff incorporated by reference the allegations contained in his Breach of Contract Cause of Action. In addition, the Plaintiff alleges as follows:

"50.    The above referenced agreement contained the implied-in-law covenant of good faith and fair dealing. . . . Furthermore, Defendants were obligated not to do anything to unjustly deprive Plaintiff of his benefits under the agreements.

51.    Defendant breached the implied-in-law covenant of good faith and fair dealing by wrongfully failing and refusing to ensure Plaintiff's safety and security and protection from harm, in that not only was Plaintiff permitted to leave BLOSSOM's premises, he was also subjected to the subsequent brutalization by Defendant IP and FORNEY as set forth more fully above."

In this case, Plaintiff's Breach of Implied Covenant of Good Faith is properly plead. Defendant argues that the cause of action is uncertain because it relies on Plaintiff's Breach of Contract Cause of Action. However, as with his Breach of Contract cause of action, Plaintiff has properly plead this cause of action as well. Thus, a careful review of the allegations in this cause of action, along with the others, makes clear that Plaintiff has properly plead this cause of action as well. Therefore, Defendant's motion to dismiss should be denied.

## C.    PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION HAS BEEN PROPERLY PLEAD

California Civil Code §1714(a) provides, in pertinent part, as follows:

"Everyone is responsible, not only the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . ."

In California, the essential elements of a Negligence cause of action are: (1)   The defendant had a legal duty to conform to a standard of conduct to protect the plaintiff, (2) the defendant failed to conform to and meet this standard of conduct, (3) the defendant's failure was the proximate or legal cause of the resulting injury, and (4) damages to plaintiff therefrom. Ladd v. County San Mateo, (1996) 12 Cal.4th 913, 917; Ann M. V. Pacific Plaza Shopping Center, (1993) 6 Cal.4th 666, 673.  See also, 6 Witkin, Summary of California Law, (9th ed. 1988) Torts, §729-734, 748, 749.

Plaintiff's cause of action is one for Negligence and not Negligence Per Se.  In his case of action, Plaintiff has alleged as follows:

"60.    As a provider of residential services in an assisted living environment, and in particular for resident suffering from Alzheimer's disease, Defendant, and each of them, owed a duty to Plaintiff to use the ordinary skill and care in the course of their business conduct as assisted living providers and in so doing, to use such skill, prudence and diligence as assisted living providers of ordinary skill and capacity commonly possesses and exercises in the performance of the tasks which they undertake. . . .

61.    . . . Defendants, and each of them, breached their duty to Plaintiff by failing to exercise reasonable care and skill in undertaking to perform such assisted living services, to wit, by failing and refusing to ensure Plaintiff's safety at all time and in all environments, . . .

64.    Said negligence of Defendants, and each of them, was the actual and proximate cause of the damages suffered by Plaintiff . . ." (Emphasis added.)

In this case, Plaintiff's Negligence Cause of Action is properly plead.  A careful review of the allegations in this cause of action, along with the others, makes clear that Plaintiff has properly plead this cause of action.  Defendant argues that this cause of action is defective because it fails to allege "any citation, regulation statue, or any authority" to support the

1    allegations. However, unlike a negligence per se cause of action, the Plaintiff is not required

2    to cite to a regulation, statute or authority for his negligence cause of action. As indicated,

3    California Civil Code §1714(a) imposes a duty on everyone to act reasonably and avoid

4    subjecting others to unreasonable risks of harm. Defendant certainly had a duty to act

5    reasonably and provide and/or keep the Plaintiff in a safe environment. Defendant in this case

6    not only breached its duty but increased it by allowing the Plaintiff to leave and then recklessly

7    

8    calling the police. Then once they arrived, failing to do anything to protect him thereby

9    subjecting the Plaintiff to an assault and battery by the officers. Under the circumstances, there

10   is no question that Defendant had a duty and breached it. Therefore, Defendant's motion to

11   dismiss should be denied.

12   

13   ### D.    PLAINTIFF'S ELDER NEGLECT OR ABUSE CAUSE OF ACTION HAS BEEN PROPERLY PLEAD

14   California Jury Instructions, CACI 3106 [Physical Abuse] provides, in pertinent part, as

15   follows:

16   "[Plaintiff] claims that he was physically abused by [TINA TOTEN and DOE

17   NURSE] in violation of the Elder Abuse and Dependant Adult Civil Protection
     Act. To establish this claim, [Plaintiff] must prove all of the following by clear
18   and convincing evidence:

19   1.    That [TINA TOTEN and DOE NURSE] physically abused the
20         [Plaintiff] by; [failing to protect Plaintiff from health and safety
           hazards]
21   

22   2.    That [Plaintiff] was [65 years of age or older/a dependent adult];

23   3.    That [Plaintiff] was harmed; and,

24   4.    That [TINA TOTEN and DOE NURSE]s' conduct was a
           substantial factor in causing [Plaintiff]'s harm."
25   

26   In addition, California Jury Instructions, CACI 3104 [Neglect] provides, in pertinent part,

27   as follows:

28

"[Plaintiff] claims that he was neglected by [TINA TOTEN and DOE NURSE] in violation of the Elder Abuse and Dependant Adult Civil Protection Act. To establish this claim, [Plaintiff] must prove all of the following by clear and convincing evidence:

1.    The [TINA TOTEN and DOE NURSE] had care or custody of [Plaintiff];

2.    That [Plaintiff] was [65 years of age or older/a dependent adult];

3.    That [TINA TOTEN and DOE NURSE] failed to use the degree of care that a reasonable person in the same situation would have used by [failing to protect [Plaintiff] from health and safety hazards;]

4.    That the [TINA TOTEN and DOE NURSE] acted with [recklessness/malice/oppression/fraud];

5.    That [Plaintiff] was harmed; and,

6.    That [TINA TOTEN and DOE NURSE]s' conduct was a substantial factor in causing [Plaintiff]'s harm.

[Plaintiff] also claims that [BLOSSOM VALLEY] is responsible for the harm. To establish this claim, [Plaintiff] must prove:

1.    That [TINA TOTEN and DOE NURSE] were an officer, a director, or a managing agent of [BLOSSOM VALLEY] acting in [a corporate/an employment] capacity;] [or]

2.    [That an officer, a director, or a managing agent of [BLOSSOM VALLEY] had advance knowledge of the unfitness of [TINA TOTEN and DOE NURSE] and employed [them] with a knowing disregard of the rights or safety of others;] [or]

3.    [That an officer, a director, or a managing agent of [BLOSSOM VALLEY] authorized [TINA TOTEN and DOE NURSE]'s conduct;] [or]

4.    [That an officer, a director, or a managing agent of [BLOSSOM VALLEY] knew of [TINA TOTEN and DOE NURSE]'s wrongful conduct and adopted or approved the conduct after it occurred.]

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making so that his or decisions ultimately determine corporate policy.]"

In this case, in alleging his Elder Abuse Cause of Action, Plaintiff has incorporated by reference the allegations contained in his complaint. In addition, Plaintiff alleges as follows:

"69. At all times herein mentioned, Defendant BLOSSOM VALLEY INN, TINA TOTEN NURSE DOE #21, and Does 51 through 100, . . . failed to use the degree of care that a reasonable person in the same situation would have used by failing and refusing to ensure Plaintiff's safety at all times and . . . to ensure Plaintiff's health and safety . . . in light of Plaintiff's mental incapacity.

70. Defendants, and each of them, . . . acted with **recklessness**, **malice**, **oppression** and/or **fraud**.

72. . . . the conduct of Defendants . . . and each of them, **was a substantial factor in causing Plaintiff's injuries** . . .

73. Defendants, . . . and each of them, were either **officers**, **directors and/or managing agents of Defendant BLOSSOM VALLEY INN**, acting within that **employment capacity**, . . . **had advance knowledge of the unfitness** of these individuals . . . with **a knowing disregard** for the rights or safety of others, **authorized** these individuals . . . conduct and/or **knew** of these individuals . . . conduct **and adopted** or **approved the conduct after it occurred**." (Emphasis added.)

In this case, Plaintiff's Elder Abuse Cause of Action is properly plead. Defendant argues that the cause of action is uncertain because it fails to allege sufficient facts to plead "physical abuse", "neglect", a statutory cause of action or "ratification" by Defendant. However, a careful review of the allegations in this cause of action, along with the others, makes clear that Plaintiff has properly plead this cause of action. Therefore, Defendant's motion to dismiss should be denied.

### E.     PLAINTIFF'S FRAUDULENT MISREPRESENTATION CAUSE OF ACTION HAS BEEN PROPERLY PLEAD

The elements of fraud or deceit are: a misrepresentation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damage resulting from the justifiable reliance. Roberts v. Ball, Hunt, Hart, Brown & Baerwitz, (1976) 57 Cal.App.3d 104, 109; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, Section

676, p. 778; <u>Seeger v. Odell</u>, (1941) 18 Cal.2d 409, 414; <u>Nelson v. Gaunt</u>, (1981) 125

Cal.App.3d 623, 635. Every element of the cause of action for fraud must be alleged in the

proper manner and the facts constituting the fraud must be alleged with sufficient specificity to

allow defendant to understand fully the nature of the charge made. <u>Roberts v. Ball</u>, <u>supra</u>, at

p. 109.

In this case, in pleading his Fraudulent Misrepresentation Cause of Action, Plaintiff

alleges as follows:

> "44.    Plaintiff alleges that on or about January 10, 2007, a written contract was
> entered into by Plaintiff and Defendant BLOSSOM, the essential terms of which
> are as follows;
>
> Defendants represented and agreed that its facility was appropriate for patients
> with dementia. Defendant further agreed that plaintiff would be properly secured
> and maintained within a 24 hour facility and further agreed to provide and
> monitor plaintiff within a secure environment . . . .
>
> 77.    On or about January 10, 2007, and on several occasions since,
> BLOSSOM and their agents, servants and employees . . . stated to Plaintiff, and
> Plaintiff's family, . . . those representations set forth in paragraph 44 in the Fifth
> Cause of Action.
>
> 78.    When the Defendants made the representations, the **Defendants knew they
> were false**.
>
> 83.    The Defendants' **promises were made intentionally, without any
> intention of performance** . . . **with the intent to defraud** and induce Plaintiff
> to rely upon them . . . **Plaintiff was unaware** of the Defendants' intentions not
> to perform the promises. **Plaintiff justifiably relied and acted in justifiable
> reliance upon the promises**.
>
> 84.    . . . Plaintiff was induced to take up residence at BLOSSOM in reliance
> upon the misrepresentations that the facility and its staff were sufficiently
> qualified and trained to provide appropriate, competent care for individuals
> suffering from, . . . Alzheimer's disease." (Emphasis added.)

In reading Plaintiff's complaint, this Court will find that Plaintiff has alleged Fraudulent

Misrepresentation with sufficient specificity to allow Defendant to understand fully the nature

of the charge made against it.  Further, the facts in his Tenth Cause of Action, read <u>not</u> in isolation, but in the context of the rest of the allegations contained in Plaintiff's complaint, answer the "who", "what", "when" and "where" as required by <u>Committee on Children's Television, Inc. v. General Foods Corp.</u>, (1983) 35 Cal.3d 197, 216; <u>Shapiro v. Wells Fargo Realty Advisors</u>, (1984) 152 Cal.App.3d 467, 479; and <u>Commonwealth Mortgage Assurance Co. v. Superior Court</u>, (1989) 211 Cal.App.3d 508, 518.

Therefore, Defendant's motion to dismiss Plaintiff's complaint should be denied.

### F.    PLAINTIFF'S NEGLIGENT MISREPRESENTATION CAUSE OF ACTION HAS BEEN PROPERLY PLEAD

The elements for a cause of action for Negligent Misrepresentation are similar to those for Fraud and Deceit.  Negligent misrepresentation is a species of fraud or deceit.  <u>Blankenheim v. E.F. Hutton & Co.</u>, (1990) 217 Cal.App.3d 1463, 1472-1473; <u>Byrum v. Brand</u>, (1990) 219 Cal.App.3d 926, 942; and <u>Huber, Hunt & Nichols, Inc. v. Moore</u>, (1977) 67 Cal.App.3d 278, 304.

California Jury Instructions, BAJI 12.45 provides as follows:

"The essential elements of a claim of fraud by negligent misrepresentation are:

1.    The defendant must have made a representation as to past or existing material fact;

2.    The representation must have been untrue;

3.    Regardless of [his] [her] actual belief the defendant must have made the representation without any reasonable ground for believing it to be true;

4.    The representation must have been made with the intent to induce plaintiff to rely upon it;

5.    The plaintiff must have been unaware of the falsity of the representation; must have acted in reliance upon the truth of the representation and must have been justified in relying upon the representation;

6.    And, finally, as a result of the reliance upon the truth of the representation, the plaintiff must have sustained damage."

In this case, in pleading his Negligent Misrepresentation Cause of Action, Plaintiff alleges

as follows:

"44.    Plaintiff alleges that on or about January 10, 2007, a written contract was entered into by Plaintiff and Defendant BLOSSOM, the essential terms of which are as follows;

Defendants represented and agreed that its facility was appropriate for patients with dementia. Defendant further agreed that plaintiff would be properly secured and maintained within a 24 hour facility and further agreed to provide and monitor plaintiff within a secure environment . . . .

89.    On or about, and on several occasions since, late December of 2006 and early January of 2007, Defendants BLOSSOM, their agents, servants and assigns, and each of them, negligently made representations of material facts to Plaintiff as alleged in paragraph 44 in the Fifth Cause of Action.

90.    **The facts were in fact false.**    The true facts were as set forth in paragraphs 40 of the Fifth Cause of Action.

91.    When Defendants made the representations, **Defendants had no reasonable reason to believe then were true**. Defendants **negligently made the representation with the intent to induce Plaintiff to act** as described herein. At the time **Plaintiff acted in reliance on the representations**, **Plaintiff did not know the representations were false** and believed they were true. Plaintiff at all times **justifiably relied on and acted in justifiable reliance upon the purported truth of the representations** when Plaintiff acted as herein alleged.

92.    Plaintiff suffered damages legally (proximately) caused by Defendant's negligent misrepresentation . . . " (Emphasis added.)

In this case, Plaintiff's Negligent Misrepresentation Cause of Action is properly plead.

Defendant argues that the cause of action is uncertain because it fails to allege that specific

details to answer the "who", "what", "when" and "where." However, as with Plaintiff's

1  Fraudulent Misrepresentation cause of action, a careful review of the allegations in this cause

2  of action, along with the others, makes clear that Plaintiff has properly plead this cause of action

3  as well.  Therefore, Defendant's motion to dismiss should be denied.

4                                                    **VI**

5
6  **SHOULD   THE   COURT   DEEM   THE   COMPLAINT
   DEFICIENT, PLAINTIFF SHOULD BE PERMITTED TO
7  AMEND**

8          Federal policy strongly favors determination of cases on their merits.  Therefore, the role

9  of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing

10  party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the

11  moving party.  Foman v. Davis, (1962) 371 U.S. 178, 182;  Film Tech Corp. v. Hydranautics,

12  (Fed. Cir. 1995) 67 F.3d 931, 935-936; Martinez v. Newport Beach City, (9th Cir. 1997) 125

13
14  F.3d 777, 785, (leave to amend is usually granted after a Rule 12 motion to dismiss, to strike

15  or for a more definite statement is granted).  The granting or denial of leave to amend rests in

16  the sound discretion of the trial court, and will be reversed only for abuse of discretion.

17  Swanson v. United States Forest Service, (9th Cir. 1996) 87 F.3d 339, 343; Ferguson v. Cape

18  Girardau County, (8th Cir. 1996) 88 F.3d 647, 650.  Thus, the Rules require that "leave shall

19  be freely given when justice so requires."  FRCP 15(a); Lone Star Ladies Invest. Club v.

20  Scholitzsky's Inc., (5th Cir. 2001) 238 F.3d 363, 367.

21
22          Plaintiff clearly has a meritorious case against Defendant BLOSSOM VALLEY as

23  outlined above.  Should the court find that the allegations of the present complaint are

24  insufficient, Plaintiff requests leave to amend.

25
26
27
28
   _____
   **Plaintiff's Opposition to Motion to Dismiss**
                                                    16

**VII**

**CONCLUSION**

Based upon all of the foregoing reasons, Plaintiff WILLIAM A. HOGUE respectfully requests that Defendant BLOSSOM VALLEY'S motion to dismiss be denied. In the alternative, should the Court find Plaintiff's complaint to be deficient, Plaintiff respectfully requests leave to amend.

Dated: January 22, 2008                          Respectfully submitted,

                                                 SINGLETON & ASSOCIATES

                                      By:        _____
                                                 TERRY SINGLETON, ESQ.
                                                 Attorneys for Plaintiff,
                                                 WILLIAM A. HOGUE

Hogue v. City of Holtville, et al.,                    Case No. 07-CV-2229 WQH (WMC)

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1950 Fifth Avenue, Suite 200, San Diego, CA 92101.

On January 22, 2008, I served the following document(s) described as **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

 **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier. [as indicated]

 **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (619) 702-5592. The name(s) and facsimile machine telephone numbers(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s)

 **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 22, 2008, at San Diego, California.

*Maria Qualls*

Maria Qualls

Hogue v. City of Holtville, et al.,                    Case No. 07-CV-2229 WQH (WMC)

## MAILING LIST

GIOVANNIELLO & MICHELS, LLP
Alexander F. Giovanniello, Esq.
1470 South Valley Vista Drive, Suite 200
Diamond Bar, CA  91765

Telephone:  (909) 396-1964          Fax (909) 396-0885

Attorneys for Defendant, RENESTER VILLA, LLC dba THE VALLEY INN nka BLOSSOM
VALLEY INN (erroneously sued and served as Blossom Valley Inn)