1  **GIOVANNIELLO & MICHELS, LLP**
Alexander F. Giovanniello (CSB# 125562)
2  1470 South Valley Vista Drive, Suite 200
Diamond Bar, California, 91765
3  Ph: (909) 396-1964
Fax (909) 396-0885
4
Attorneys for DEFENDANT
5  RENESTER VILLA, LLC dba THE VALLEY INN
n/k/a BLOSSOM VALLEY INN (erroneously sued and
6  served as Blossom Valley Inn)

7

8                **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  WILLIAM A. HOGUE, by and through )   Case No.: 07 CV 2229 WQH (WMC)
his Guardian Ad Litem CASSI        )
12  DePAOLI;                        )   DEFENDANT'S MEMORANDUM
                                   )   OF POINTS AND AUTHORITIES IN
13                                  )   REPLY TO PLAINTIFF'S
            Plaintiff,              )   OPPOSITION TO MOTION TO
14                                  )   DISMISS THE COMPLAINT
        vs.                         )
15                                  )
CITY OF HOLTVILLE, A Public        )
16  Entity; OFFICER BARRY FORNEY,   )
an Individual; OFFICER THOMAS IP,  )   FRCP 12(b)(6)
17  an Individual; BLOSSOM VALLEY   )
INN, business form unknown, TINA   )   **NO ORAL ARGUMENT UNLESS
18  TOTEN, an Individual; NURSE DOE )   REQUESTED BY THE COURT**
#21, an Individual; and DOES 1-100,)
19                                  )   Date: February 4, 2008
Inclusive,                         )   Time: 11:00 a.m.
20                                  )   Courtroom: 4
21                                  )
        Defendants.                 )
22                                  )
                                   )
23                                  )
                                   )
24  _____
25
26
27
28                                  1

## REPLY TO OPPOSITION TO MOTION TO DISMISS

## 1.    INTRODUCTION

Initially we disagree with the facts set forth in Plaintiff's Opposition titled "Procedural History." Further, Plaintiff's Complaint taken as a whole, fails to plead sufficient facts to state any of the causes of action alleged against Blossom Valley. For reasons set forth more fully in Blossom Valley's moving papers, Blossom Valley must request Causes of Action Five, Six, Eight, Nine, Ten, and Eleven be dismissed for failing to state a cause of action.

A significant portion of Plaintiff's Opposition ("Opposition") is devoted to convincing the Court that Blossom Valley's Motion to Dismiss asks Plaintiff to plead his Causes of Action by "evidentiary facts." (Opposition, page 3). Scrutiny of Defendant's Motion to Dismiss, however, demonstrates just the opposite is true. Not one time in the entire motion is the term "evidentiary facts" used by Blossom Valley or anything close even referred to as being required.

Blossom Valley set forth the following standard applicable to a Motion to Dismiss for failure to state a claim. "Rule 12(b)(6) requires the Court to dismiss for "failure to state a claim upon which relief can be granted." In reviewing this motion, the court presumes the truth of all well-pled allegations, resolves all doubts in favor of the pleader, and views the pleading in the light most favorable to the pleader. Albright v. Oliver, (1994) 510 U.S. 266, 267. However, the court

1
2
3
4

does not accept as true the pleader's bald assertions and legal conclusions, nor will the court draw unwarranted inferences to aid the pleader. Aulson v. Blanchard, (1st Cir. 1996) 83 F.3d 1, 3.

5
6
7
8

As Plaintiff simply failed to plead sufficient facts to state any cause of action as alleged against Blossom Valley, a Motion to Dismiss is the proper vehicle for challenging the causes of action as alleged in Plaintiff's Complaint.

9
10
11

## 2.   **THERE ARE INSUFFICINT FACTS PLED TO SUSTAIN PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION**

12
13
14
15
16
17

Plaintiff's fifth cause of action for Breach of Contract is not properly pled. Under California law, there must be a written admission agreement Between plaintiff and Blossom Valley.  This is the agreement that plaintiff claims was breached. Health and Safety Code § 1569.880-1569.888.

18
19
20
21

Plaintiff allegations if taken as true, do not show there was any breach by Blossom Valley.  Plaintiff lists the following alleged "breaches" by Blossom Valley:

22
23
24

1) "Failing and refusing to adequately, appropriately and competently provide care the Plaintiff…"

25
26
27

There is **no term** in the contact as alleged that said Blossom Valley would "adequately, appropriately and competently provide care the Plaintiff". Blossom

28

3

1  Valley cannot be in violation of a term Plaintiff does not even allege was a part of

2  the contact (Opposition, page 7.)

3

4      2) "Allowing Plaintiff to wonder off the premises…"

5      Again, nowhere in the terms of the contract as alleged does Blossom Valley

6

7  ever allegedly contract to "not allow Plaintiff to wonder off the premises." This

8  cause of action fails to state a claim and Blossom Valley's Motion to Dismiss

9

10 should be granted. In addition, Plaintiff's sixth cause of action is duplicative of

11 the fifth and fails to state a cause of action for the same reasons.

12 **3.    THE FACTS PLED DO NOT SUPPORT A CLAIM FOR**

13

14 **NEGLIGENCE AGAINST BLOSSOM VALLEY**

15     Plaintiff's eighth cause of action for Negligence also fails to state a cause of

16

17 action. As is the case throughout the entire Complaint, Plaintiff admits Blossom

18 Valley acted within the standard of care. Page nine of Plaintiff's Opposition states

19

20 that Blossom Valley acted negligently to Plaintiff as it "allowed Plaintiff to leave

21 then recklessly [call] the police." (Opposition, paragraph 10.) This statement

22 misstates the duty Blossom Valley owed to Plaintiff entirely. Taking the facts as

23

24 pled by Plaintiff, Plaintiff was suffering from Alzheimer's upon entering Blossom

25 Valley. Thus, Blossom Valley owed the following duties to this dementia resident:

26

27     a) the right "[to] leave or depart the facility at any time…day or night." 22

28

4

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
(07 CV 2229)

Cal. Code Regs § 87252 titled "Personal Rights";

b) the right, without violating Section 87572, Personal Rights, to have staff members "attempt to redirect a resident who attempts to leave the facility…" 22 Cal. Code Regs § 87724(k)(4); and

c) the right for residents who continue to indicate a desire to leave the facility following redirection to "be permitted to do so… with staff supervision." 22 Cal. Code Regs § 87724(k)(5).

Plaintiff alleges Blossom Valley breached its duty to Plaintiff "by allowing the Plaintiff to leave [the facility] then recklessly calling the police" which pursuant to the above-mentioned sections of Title 22, actually showed Blossom Valley complied with its duty to allow Plaintiff to leave the facility any time day or night and **subject to that right,** to attempt to re-direct Plaintiff when he attempted to leave the facility.

Taking all of the facts as alleged by Plaintiff as true, Blossom Valley fully complied with its duty to redirect Plaintiff as Plaintiff alleges specifically that Blossom Valley attempted to convince Plaintiff to voluntarily return to his room. Blossom Valley further complied with its duty to Plaintiff as it allegedly "followed Plaintiff outside of Blossom Valley and down the street." when Plaintiff left the facility.

5

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
(07 CV 2229)

Seeing as how Blossom Valley had a duty to maintain Plaintiff's Personal Right to leave the facility at any time, it could not force Plaintiff to return if he did not do it voluntarily as alleged.  Plaintiffs additionally alleged that Plaintiff was roaming around in the dangerous streets in a confused state, "refus[ed] to voluntarily return" to Blossom Valley, and was unable to follow instructions to stay out of the street.

Clearly, as alleged, the facts show Plaintiff was a danger to himself and others it and it was Blossom Valley's duty to maintain Plaintiff's and the public's safety given these circumstances.  This, according to the facts as alleged in the Complaint is exactly what Blossom Valley did.  (Opposition, page 2.)

The law is clear that for a resident with Alzheimer's dementia, if a resident is in danger of harming himself or others, the facility has an overriding duty to protect the resident from harming himself or the public even if that involves detaining a resident by police intervention.  Hernandez v. KWPH Enterprises, (2004) 116 Cal. App. 4th 170, 181.

## 4.    THE FACTS PLED DO NOT SUPPORT A CLAIM FOR ELDER NEGLECT AND ABUSE AGAINST BLOSSOM VALLEY INN

Plaintiff's ninth cause of action is for "Elder Neglect and Abuse" or Violation of the Elder Abuse and Dependant Adult Civil Protection Act.  Again,

6

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
(07 CV 2229)

as Plaintiff cannot establish Blossom Valley Inn was Negligent at any time,

Plaintiff cannot demonstrate the facts necessary to sustain an Elder Abuse claim,

which requires a high threshold of egregious conduct.  Plaintiff's Opposition and

Complaint both seem to confuse the elements of a cause of action for Negligence

with a cause of action for Elder Abuse.  When the requirements of the Elder

Abuse Act are understood it is undisputable that the facts alleged by Plaintiff in

his Complaint taken as a whole, to include every fact alleged from cover to back,

do not come close to demonstrating Blossom Valley committed Elder Abuse.

It is further equally important to note that Blossom Valley is only

responsible for its own conduct and for the conduct of its employees, not those of

the police officers or any other party to this action.  Plaintiff also seems to

attempt to convince us that Blossom Valley could by some legal stretch of the

doctrine of respondeat superior be liable for persons who are not its employees or

agents such as the City police officers.  This, again, is not the law in California.

The requisite culpable conduct for an Elder Abuse Cause of Action is more

that mere negligence as first clarified by California's Supreme Court in Delaney

v. Baker, (1999) 20 Cal.4th 23, where it held:

> "In order to obtain the remedies available in Section 15657, **a
> plaintiff must demonstrate by clear and convincing evidence
> that defendant is guilty of something more than negligence,
> he or she must show reckless, oppressive, fraudulent or**

7

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
(07 CV 2229)

**malicious conduct**. The latter three categories involve '**intentional**', '**willful**', or '**conscious wrongdoing**' of a '**despicable**' or '**injurious**' **nature**. ' [Emphasis added].

Subsequently, in <u>Sababin v. Superior Court</u>, (2006) 144 Cal. App. 4th 81, the Court of Appeal clarified the Supreme Court's definition of neglect through the following statement:

> If…a care facility knows it must provide a certain type of care on a daily basis but provides that care sporadically, or is supposed to provide multiple types of care but only provides some of those types of care, withholding of care has occurred. In those cases, the trier of fact must determine whether there is a **significant pattern of withholding portions or types of care**. A significant pattern is one that involves repeated withholding of care and leads to the conclusion that the pattern was the result of choice… <u>Id.</u> at 90.

In the instant case, Plaintiff's Complaint pleads merely that employees of Blossom Valley did the following: followed Mr. Hogue outside and verbally attempted to convince him to return to the facility; "when Blossom Valley was unable to obtain Plaintiff's cooperation, …telephoned the City's police department and advised them that an Alzheimer's patient had left the home and needed assistance in returning plaintiff to the facility. Allegedly, this later led to a battery of Plaintiff by the police. (Complaint, para. 13-15).

Thus, there are no facts alleged to demonstrate Blossom Valley's employees withheld any significant pattern of care from Plaintiff. To the contrary, every fact pled by Plaintiff shows the lawsuit is based on the alleged affirmative acts committed by Blossom Valley, not the failure to act. Even if these

8

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
(07 CV 2229)

affirmative acts were below the standard as alleged, they certainly did not constitute a significant pattern of withholding of care.

The Court should grant Blossom Valley's Motion to Dismiss Plaintiff's Elder Abuse cause of action as defined by Sababin and Delaney.  Further, Blossom Valley cannot be vicariously liable for the later alleged acts of the City of Holtville police officers who are neither the employees or agents or servants of Blossom Valley.

## 5. THERE ARE INSUFFICIENT FACTS PLED TO SUPPORT A CLAIM OF MISREPRESENTATION

Again, Plaintiff fails to provide any facts with any specificity as to how Defendant made a misrepresentation, let alone a fraudulent or negligent misrepresentation as more fully set forth in Defendant's moving papers.  The Tenth and Eleventh Causes of Action in Plaintiff's Complaint fail to state facts upon which these causes of action can be maintained.  The Court should grant Defendant's Motion to dismiss as to both of these causes of action as well.

///

///

///

///

9

## 6. <u>CONCLUSION</u>

Based on the above, the Court should grant the motion with prejudice as to Causes of Action Five, Six, Eight, Nine, Ten, and Eleven for failing to state a claim upon which relief can be granted.

Date: January 28, 2008        **GIOVANNIELLO & MICHELS, LLP**

By:    /s/ Alexander F. Giovanniello
       Alexander F. Giovanniello
       Attorneys for DEFENDANT,
       RENESTER VILLA, LLC dba THE VALLEY
       INN n/k/a BLOSSOM VALLEY INN
       (erroneously sued and served as Blossom Valley
       Inn)

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
(07 CV 2229)

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 1470 S. Valley Vista Drive, Suite 200, Diamond Bar, California 91765.

On **January 28, 2008**, 2008 I served the foregoing document(s) described as **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT FRCP 12(b)(6),** by placing the true copies thereof enclosed in sealed envelopes address as follows:

Robert Espinoza, Esq.
1041 State Street
El Centro, CA 92243
Telephone: (760) 353-1410
Facsimile:  (760) 353-1457
*Attorneys for Plaintiff*

John P. McCormick, Esq.
Konrad M. Rasmussen, Esq.
McCORMICK & MITCHELL
8885 Rio San Diego Drive, Suite 212
San Diego, CA 92108
Direct Dial: (619) 294-8444
Direct Fax : (619) 294-8447
*Attorneys for City of Holtville and*
*Officers Barry Forney and Thomas Ip*

(**XX**)   BY MAIL:     I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business.

(   )   BY PERSONAL SERVICE: I caused such envelope to be delivered by hand by DDS Attorney Service to a representative of the office of the above addressee.

(   )   BY FEDERAL EXPRESS:   I caused said envelope(s) to be sent by Federal Express to the above addresses.

(   )   BY TELECOPIER:   I caused said document(s) to be transmitted by Telecopier to Facsimile Number (323) 291-1253.

Executed on **January 28, 2008**, at Diamond Bar, California.

(XX)   STATE          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Eva Moreno-Cerda_
Eva Moreno-Cerda

PROOF OF SERVICE