# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. HOUGUE, by and through his Guardian Ad Litem CASSI DePAOLI,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HOLTVILLE, A Public Entity; OFFICER BARRY FORNEY, an Individual; OFFICER THOMAS IP, an Individual; BLOSSOM VALLEY INN, business form unknown, TINA TOTEN, an Individual; NURSE DOE #21, an Individual; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 07cv2229 WQH (WMc)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss (Doc. # 7) filed by Defendant Blossom Valley Inn.

## **Background**

On November 21, 2007, Plaintiff William A. Hogue, by and through his guardian ad litem Cassi DePaoli, filed the Complaint against the City of Holtville, individual police officers of the City of Holtville, the Blossom Valley Inn, individual employees of the Blossom Valley Inn,[1] and Does 1-100.

---

[1] The Court will refer to Blossom Valley Inn and the individual employees of Blossom Valley Inn collectively as "Blossom Valley."

- 1 -                                                                                                    07cv2229 WQH (WMC)

1 | The Complaint alleges that Plaintiff is 80 years old and suffers from Alzheimer's
2 | disease. *Complaint,* ¶ 13. The Complaint alleges that Blossom Valley represented to Plaintiff
3 | and his family that Blossom Valley and its staff were "fully trained and 'set up' to care for
4 | residents suffering from Alzheimer's." *Id*. The Complaint alleges that on January 10, 2007,
5 | Plaintiff and Blossom Valley entered into a written contract whereby Blossom Valley
6 | "represented and agreed that its facility was appropriate for patients with dementia," "agreed
7 | that plaintiff would be properly secured and maintained within a 24 hour facility," and "agreed
8 | to provide and monitor plaintiff within a secure environment with alarms and cameras to
9 | monitor plaintiff's movements and condition." *Id.* at ¶ 44. Plaintiff alleges that on January 10,
10 | 2007, he took up residence at the Blossom Valley Inn due to his "mental incapacity resulting
11 | from Alzheimer's disease." *Id.* at ¶ 13.

12 | Plaintiff alleges that on January 10, 2007, at 10:30 p.m., while Plaintiff was under the
13 | care of Blossom Valley, Plaintiff walked out the front door, setting off the alarm. *Id.* at ¶ 14.
14 | Plaintiff alleges that after hearing the alarm, Blossom Valley employees followed Plaintiff
15 | outside the facility and down the street in an attempt to get him to voluntarily return. Plaintiff
16 | alleges that the employees' efforts failed and an unknown employee called the Holtville City
17 | Police Department to assist Plaintiff in returning to the facility. *Id*. Plaintiff alleges that he had
18 | already turned back to the facility when two police officers arrived, one of whom "immediately
19 | confronted [Plaintiff] in a hostile manner" and demanded Plaintiff to "tell his name and stop
20 | where he was." *Id*. at ¶ 15. Plaintiff alleges that he failed to "immediately respond" to
21 | officers' commands, and that the officers "brutally assaulted [him] by grabbing him on either
22 | side and slamming him face down on the ground, and while kneeling on his back, forcefully
23 | [handcuffing] him behind his back." *Id*. Plaintiff alleges that both officers then lifted him up
24 | by the handcuffs, which caused a "severe fracture" of Plaintiff's left arm. *Id*.

25 | Plaintiff alleges that Blossom Valley never attempted "to intervene on Plaintiff's behalf,
26 | or make any attempt whatsoever to protect Plaintiff from the brutality of [the officers], or
27 | subsequently attempt to render emergency aid and comfort to Plaintiff." *Id*. at ¶ 17. Plaintiff
28 | alleges that after he was arrested, he was transported to the hospital for medical care. *Id*. at ¶

18. Plaintiff alleges that his injuries were so severe that surgery could not be performed to repair the injuries, and he was subsequently released to Blossom Valley. *Id.* at ¶ 19.

On December 28, 2007, Blossom Valley filed the Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 7). Blossom Valley moves to dismiss the following causes of action for failure to state a claim: (1) the fifth cause of action for breach of written contract; (2) the sixth cause of action for breach of implied covenant of good faith and fair dealing; (3) the eighth cause of action for general negligence; (4) the ninth cause of action for elder neglect and abuse; (5) the tenth cause of action for fraudulent misrepresentation; and (6) the eleventh cause of action for negligent misrepresentation. *Id.* at 2. On January 22, 2008, Plaintiff filed an opposition to the motion to dismiss. (Doc. # 15). On January 28, 2008, Blossom filed a reply. (Doc. # 17).

**Standard of Review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*, 127 S. Ct. at 1964 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## **Discussion**

**I. Breach of Written Contract**

Blossom Valley contends that the Complaint fails to state a claim for breach of written contract because Plaintiff failed to set forth the exact language of the alleged contract between Plaintiff and Blossom Valley, and failed to attach the contract to the Complaint. Blossom Valley also contends that Plaintiff failed to set forth specific facts regarding how the contract was breached. *Mot. to Dismiss,* p. 8.

Plaintiff opposes the motion to dismiss the cause of action for breach of written contract on grounds that a "careful review of the allegations in this cause of action, along with others, makes clear" Plaintiff has properly alleged breach of written contract. *Opp.*, p. 7.

In order to state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731, 745 (Cal. Ct. Appeal 2001); 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476, p. 570. "In an action based on a written contract, a plaintiff may plead the legal effect of the contract rather than its precise language." *Constr. Protective Servs., Inc., v. TIG Specialty Ins. Co.,* 29 Cal. 4th 189, 198-99 (2002).

Plaintiff alleges that on January 10, 2007, he entered into a written contract with Blossom Valley that contained the following terms:

> Defendants represented and agreed that its facility was appropriate for patients with dementia. Defendants further agreed that plaintiff would be properly secured and maintained within a 24 hour facility and further agreed to provide and monitor plaintiff within a secure environment with alarms and cameras to monitor plaintiff's movements and condition.

*Compl.*, ¶ 44. Plaintiff alleges the existence of a contract. Plaintiff alleges that he "performed all obligations to [Blossom Valley] except those obligations [he] was prevented or excused from performing." *Id.* at ¶ 46. Plaintiff alleges that "Defendants, and each of them" breached the contract by: "(a) Failing and refusing to keep Plaintiff safe and secure in his person at all times; (b) Failing and refusing to adequately, appropriately and competently provide care to Plaintiff as an Alzheimer's patient; and (c) Allowing Plaintiff to wander off of the premises

by himself resulting in serious injuries to Plaintiff." *Id.* at ¶ 45. Plaintiff alleges that these breaches caused Plaintiff to suffer injury. *Id.* at ¶ 47. The Court concludes that Plaintiff has alleged the legal effect of the contract, which is sufficient to state claim for breach of written contract. Viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff alleges facts that could support a claim for breach of written contract. The motion to dismiss the cause of action for breach of written contract is denied.

## II. Breach of Implied Covenant of Good Faith & Fair Dealing

Blossom Valley contends that Plaintiff's claim for breach of implied covenant of good faith and fair dealing derives from his breach of contract claim, and therefore fails to state a claim for the same reasons as the breach of contract claim. *Mot. to Dismiss*, p. 10. Blossom Valley asserts that "Plaintiff cannot [possibly] prove Blossom Valley Inn breached an implied term if it never breached an actual term and has never set forth any term precisely." *Id.*

Plaintiff opposes the motion to dismiss the cause of action for breach of implied covenant of good faith and fair dealing on grounds that Plaintiff has adequately alleged elements for breach of implied covenant of good faith and fair dealing. *Opp.*, p. 8. Plaintiff contends that he has incorporated the allegations contained in the breach of contract claim, and that "a careful review of the allegations in this cause of action, along with others, makes clear that Plaintiff has properly [alleged] this cause of action as well." *Id.*

In California, every contract contains an implied covenant that imposes on each party a "duty of good faith and fair dealing in each performance and its enforcement." *Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393, 272 Cal. Rptr. 387 (1990). This duty imposes "that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Id.* However,

> [a] breach of implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself . . . [A]llegations which assert such a claim must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not be an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement . . . . If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the

1
2
> same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as 'superfluous' as no additional claim is actually stated.

*Id.* at 1394-95.

Plaintiff alleges that the written contract between Plaintiff and Blossom Valley "contained the implied-in-law covenant of good faith and fair dealing." *Compl.*, ¶ 50. Plaintiff alleges that Blossom Valley breached the implied covenant by "wrongfully failing and refusing to ensure [his] safety and security and protection from harm, in that not only was Plaintiff permitted to leave [Blossom Valley's premises], he was also subjected to the subsequent brutalization by [the police]." *Id.* at ¶ 51. As previously discussed, Plaintiff has stated a claim for breach of written contract. However, the allegations in support of the cause of action for breach of implied covenant of good faith and fair dealing do not "go beyond the statement of a mere contract breach." *Careau*, 222 Cal. App. 3d at 1395. Plaintiff fails to allege conduct attributable to Blossom Valley that was prompted by a "conscious and deliberate act, which unfairly frustrate[d]" the purposes of the parties' written contract. *Id.* Viewing the allegations in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to allege facts that could support a claim for breach of the implied covenant of good faith and fair dealing. The motion to dismiss the cause of action for breach of the implied covenant of good faith and fair dealing is granted.

**III. Negligence**

Blossom Valley contends that the Complaint fails to state a claim against Blossom Valley for negligence because the negligence cause of action alleges that Blossom Valley owed Plaintiff a duty that does not exist. Blossom Valley contends that Plaintiff also fails to allege "a single fact" to show how Blossom Valley breached any alleged duty it owed to Plaintiff. *Mot. to Dismiss*, p. 11. Blossom Valley contends that "Plaintiff's charging allegations ignore the law enforcement privilege of law enforcement officials," and that once Plaintiff was apprehended by the police, Blossom Valley could not have breached any duty from that moment forward because Plaintiff was no longer in Blossom Valley's custody. *Id.* at 12.

Plaintiff opposes the motion to dismiss the claim against Blossom Valley for negligence

1  on grounds that he has alleged all the necessary elements for negligence. *Opp.*, p. 9. Plaintiff
2  contends that Blossom Valley "certainly had a duty to act reasonably and provide and/or keep
3  the Plaintiff in a safe environment." *Id*. at 10. Plaintiff contends that Blossom Valley "not
4  only breached its duty but increased it by allowing the Plaintiff to leave and then recklessly
5  calling the police." *Id*.

6        In order to state a claim for negligence, a plaintiff must allege: (1) a legal duty of care
7  owed by defendant to plaintiff; (2) an act or omission by defendant that is breach of duty owed
8  to plaintiff; (3) defendant's breach as the proximate cause of plaintiff's injury; and (4) damages
9  to plaintiff. *See Koepke v. Loo*, 18 Cal. App. 4th 1444, 1448-49, 23 Cal. Rptr. 2d 34 (1993);
10 *Hoyem v. Manhattan Beach City School Dist.*, 22 Cal. 3d 508, 513-14, 150 Cal. Rptr. 1 (1978).
11 Professionals may be held to a standard of care that is "articulated in terms of exercising the
12 knowledge, skill and care ordinarily possessed and employed by members of the profession
13 in good standing." *Delaney v. Baker*, 20 Cal. 4th 23, 31, 82 Cal. Rptr. 2d 610 (1999). Section
14 340.5 of the California Code of Civil Procedure defines the standard of care for health care
15 providers. Section 340.5 defines professional negligence as "a negligent act or omission to act
16 by a health care provider in the rendering of professional services . . . provided that such
17 services are within the scope of services for which the provider is licensed and which are not
18 within any restriction imposed by the licensing agency or licensed hospital." Cal. Code Civ.
19 Proc. § 340.5.

20       The Complaint alleges that

21     [a]s a provider of residential services in an assisted living environment, and in particular for residents suffering from Alzheimer's disease, Defendants . . . owed
22     a duty to Plaintiff to use the ordinary skill and care in the course of their business conduct as assisted living providers and in so doing, to use such skill,
23     prudence and diligence as assisted living providers of ordinary skill and capacity commonly possesses and exercises in performance of the tasks which they
24     undertake.

25 *Compl*, ¶ 60. Plaintiff has adequately alleged that Blossom owed him a duty of care to act as
26 an ordinary assisted living provider would. Plaintiff further alleges that

27     Defendants . . . breached their duty to Plaintiff by failing to exercise reasonable care and skill in undertaking to perform such assisted living services, to wit, by
28     failing and refusing to ensure Plaintiff's safety at all times and in all environments, and in particular, to ensure Plaintiff's safety at the hands of law

enforcement officials in light of Plaintiff's mental incapacity. *Id.* at ¶ 61. Plaintiff has adequately alleged that Blossom breached its duty of care. Plaintiff adequately alleges proximate cause and damages through the allegation that Blossom's negligence "was the actual and proximate cause of damages suffered by Plaintiff." *Id.* at ¶ 64. Viewing the allegations in the light most favorable to Plaintiff, the Court finds that the Complaint alleges facts that could support a claim for negligence. The motion to dismiss Plaintiff's eight cause of action against Blossom Valley for negligence is denied.

### IV. Elder Neglect and Abuse

Blossom Valley contends that Plaintiff "cannot demonstrate the facts necessary to sustain an Elder Abuse claim which requires a high threshold of egregious conduct" because Plaintiff fails to adequately allege either "physical abuse" or "neglect" under the Elder Abuse and Dependent Adult Civil Protection Act, California Welfare and Institutions Code §§ 15600, et seq. ("Elder Abuse Act"). *Mot. to Dismiss*, p. 13. Blossom Valley contends that Elder Abuse Act claims are statutory causes of action that must be alleged with particularity. *Id.* at 16. Blossom Valley contends that Plaintiff failed to allege facts establishing "physical abuse" because Plaintiff fails to allege that Blossom engaged in conduct proscribed in section 15610.63 of the California Welfare and Institutions Code (eg. assault, battery, assault with a deadly weapon, rape and sexual battery). *Id.* at 14. Blossom Valley contends that Plaintiff has failed to allege facts establishing "neglect" because the allegation that Blossom Valley "failed to use the degree of care that a reasonable person in the same situation would have used" fails to "rise to the culpable conduct required of neglect under the Elder Abuse Act." *Id.*

Plaintiff opposes the motion to dismiss on grounds that "a careful review of the allegations . . . makes clear that [he] properly pled" a cause of action under the Elder Abuse Act. *Opp.*, p. 12. Plaintiff contends that the allegation that Blossom Valley "fail[ed] to protect [him] from health and safety hazards" is sufficient to state a claim for "physical abuse" under the Elder Abuse Act. *Id.* at 10. Plaintiff contends that the allegation that Blossom Valley's employees "failed to use the degree of care that a reasonable person in the same situation would have used by [failing to protect Plaintiff from health and safety hazards]" is sufficient

to state a claim for cause of action for "neglect" under the Elder Abuse Act. *Id.* at 11.

To state a claim under the Elder Abuse Act, a plaintiff must allege that the defendant subjected an elder to statutorily defined physical abuse, neglect, or financial abuse, and acted with recklessness, malice, oppression, or fraud in the commission of the abuse. Welf. & Inst. Code §§ 15610.63, 15610.57, 15610.30, 15657; *Delaney v. Baker,* 20 Cal. 4th 23, 35 (1999). Section 15610.63 provides an exclusive list of conduct that constitutes "physical abuse." Such conduct includes assault, battery, prolonged deprivation of food and water, unreasonable physical restraint, and sexual assault. *Sabbin v. Superior Court*, 144 Cal. App. 4th 81, 88, 50 Cal. Rptr. 3d 266 (2006) (citing Cal. Wel. & Inst. Code § 15610.63). Section 15610.57 defines "neglect" as the "negligent failure of any person having the care or custody of an elder or dependent adult to exercise the degree of care that a reasonable person in a like position would exercise." Welf. & Inst. Code § 15610.57. Section 15610.57 provides that neglect includes, but is not limited to failure to assist in personal hygiene, failure to provide food, clothing, or shelter, failure to provide medical care for physical and mental health needs, failure to protect from health and safety hazards, and failure to prevent malnutrition or dehydration. *Sabbin*, 144 Cal. App. 4th at 88 (citing Cal. Welf. & Inst. Code § 15610.57). "[N]eglect refers not to the substandard performance of medical services but, rather, to the failure of those responsible for attending to the basic needs and comforts of elderly or dependent adults, regardless of their professional standing, to carry out their custodial obligations." *Id*. at 783. The "acts proscribed [by the Elder Abuse Act] do not include acts of simple professional negligence, but refer to forms of abuse or neglect performed with some state of culpability greater than mere negligence." *Delaney v. Baker,* 20 Cal. 4th 23, 32 (1999). As a statutory cause of action, a claim under the Elder Abuse Act must be alleged with particularity. *Id.* at 790.

The Complaint alleges that Blossom Valley and its employees failed and refused to "ensure Plaintiff's safety at all times and in all environments, and in particular, to ensure Plaintiff's health and safety at the hands of law enforcement officials in light of Plaintiff's mental incapacity." *Compl.,* ¶ 69. The Complaint alleges that the Blossom Valley employees acted with "recklessness, malice, oppression and/or fraud," and that Blossom Valley

"authorized these individual Defendants' conduct and/or knew of these individual Defendants' wrongful conduct and adopted or approved the conduct after it occurred." *Id.* at ¶¶ 70, 73. The allegations with regard to Blossom Valley fail to state a claim for physical abuse as contemplated in section 15610.63 of the California Welfare and Institutions Code because Plaintiff does not allege that Blossom Valley committed assault, battery, prolonged deprivation of food or water, unreasonable physical restraint or sexual assault. However, the allegations with regard to Blossom Valley adequately allege neglect as contemplated by section 15610.57 of the California Welfare and Institutions Code because the Complaint alleges the negligent failure of Blossom Valley to exercise reasonable care with regard to its custody of Plaintiff, and that Blossom Valley acted with recklessness, malice, oppression and/or fraud.

Viewing the allegations in the light most favorable to Plaintiff, the Court finds that the Complaint fails to allege facts that could support a claim against Blossom Valley for physical abuse under the Elder Abuse Act. The Court finds that the Complaint adequately alleges facts that could support a claim against Blossom Valley for neglect under the Elder Abuse Act. The motion to dismiss Plaintiff's claims against Blossom Valley for physical abuse is granted, and the motion to dismiss Plaintiff's claims against Blossom Valley for neglect is denied.

**V. Fraudulent and Negligent Misrepresentation**

Blossom Valley contends that Plaintiff's claim for fraudulent misrepresentation fails to "provide any facts of specificity as to how Defendant made a misrepresentation." *Mot. to Dismiss*, p. 17. Blossom Valley contends that although "Plaintiff's Complaint allege[s] a misrepresentation by Blossom Valley Inn, Plaintiff does not allege anywhere which of Blossom Valley Inns' employees, officers, directors, managing agents, or authorized representatives said or concealed that which was fraudulent to whom, when, why, how, and under what circumstances." *Id.* Blossom Valley contends that the Complaint lacks information "as to when, how, by what method and by whom, information was withheld from [Plaintiff and his family] or misinformation provided to them." *Mot. to Dismiss*, p. 18-19.

Plaintiff contends that he has alleged both fraudulent misrepresentation and negligent misrepresentation "with sufficient specificity to allow Defendant to understand fully the nature

of the charge made against it." *Opp.*, p. 14, 16. Plaintiff contends that the facts in these causes of action, "read *not* in isolation, but in the context of the rest of the allegations contained in Plaintiff's complaint, answer the who, what, when and where" requirements. *Id.* at 14, 16 (emphasis in original; internal quotations omitted).

To state a claim for fraudulent misrepresentation, a plaintiff must allege: (1) a misrepresentation; (2) knowledge that the representation was false; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Agosta v. Astor,* 120 Cal. App. 4th 596, 599, 603 (Cal. Ct. Appeal 2004); 5 Witkin Summary of Cal. Law (10th ed. 2005) Torts, § 772, p. 1121. To state a claim for negligent misrepresentation, a plaintiff must allege: (1) a misrepresentation; (2) made without any reasonable ground for believing the representation was true; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 (9th Cir. 2001); 5 Witkin Summary of Cal. Law (10th ed. 2005) Torts, § 818, p. 1181. Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the claimant allege "the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMP LLP,* 476 F.3d 756, 764 (9th Cir. 2006) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Rule 9(b) does not allow a complaint to merely "lump" multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz,* 476 F.3d at 764-65.

The Complaint alleges that on or about January 10, 2007, Blossom Valley Inn entered into a written contract with Blossom Valley that contained the following terms: "Defendants represented and agreed that its facility was appropriate for patients with dementia. Defendants further agreed that plaintiff would be properly secured and maintained within a 24 hour facility and further agreed to provide and monitor plaintiff within a secure environment." *Compl.*, ¶

44. In support of the causes of action for intentional misrepresentation and negligent misrepresentation, Plaintiff alleges that "[o]n or about January 10, 2007, and on several occasions since, Blossom and their agents, servants and employees and Does 51-100 stated to Plaintiff, and Plaintiff's family, among other things" the representations contained in the January 10, 2007 contract. *Id.* at ¶¶ 77, 89. Plaintiff alleges that these representations were false. *Id.* at ¶ 78. Plaintiff alleges that "Defendants" knew these representations were false, or had no reasonable reason to believe they were true. *Id.* at ¶¶ 79, 91. Plaintiff alleges that "Defendants" made the representations with the "intent to defraud or induce the Plaintiff to act." *Id.* Plaintiff alleges that he "acted in justifiable reliance upon the truth" of "Defendants'" representations. *Id.* Plaintiff alleges that he suffered damages as a result of Defendants'" misrepresentations. *Id.* at ¶¶ 85, 92. Although Plaintiff alleges the required elements for fraudulent misrepresentation or negligent misrepresentation, Plaintiff fails to allege the specific identities of who made the alleged misrepresentations. Plaintiff relies on allegations that "Defendants" or Blossom Valley Inn made the alleged misrepresentations, which are insufficient under the heightened pleading standard articulated in Rule 9(b). Viewing the allegations in the light most favorable to Plaintiff, the Court finds that the Complaint fails to allege facts with the requisite particularity to support a claim for fraudulent misrepresentation and negligent misrepresentation. The motion to dismiss the causes of action for fraudulent misrepresentation and negligent misrepresentation is granted.

## **Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 7) is **DENIED** as to the fifth cause of action for breach of written contract, the eighth cause of action for negligence, and the ninth cause of action against Blossom Valley Inn, Tina Toten and Nurse Doe # 1 for neglect under the Elder Abuse Act. The Motion to Dismiss is **GRANTED** as to the sixth cause of action for breach of implied covenant of good faith and fair dealing, the ninth cause of action against Blossom Valley Inn, Tina Toten and Nurse Doe # 1 for physical abuse under the Elder Abuse Act, the tenth cause of action for fraudulent misrepresentation, and the eleventh cause of action for negligent misrepresentation. These causes of action are

**DISMISSED with leave to amend.** If Plaintiff wishes to amend the Complaint, he must file and serve a first amended complaint within sixty (60) days of the date of this order.

DATED: April 30, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge