**GIOVANNIELLO & MICHELS, LLP**
Alexander F. Giovanniello (CSB# 125562)
Erika J. Fernbach (CSB # 227801)
1470 South Valley Vista Drive, Suite 200
Diamond Bar, California, 91765
Ph: (909) 396-1964
Fax (909) 396-0885

Attorneys for DEFENDANT
RENESTER VILLA, LLC dba THE VALLEY INN
n/k/a BLOSSOM VALLEY INN (erroneously sued and
served as Blossom Valley Inn)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. HOGUE, by and through his Guardian Ad Litem CASSI DePAOLI;<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY OF HOLTVILLE, A Public Entity; OFFICER BARRY FORNEY, an Individual; OFFICER THOMAS IP, an Individual; BLOSSOM VALLEY INN, business form unknown, TINA TOTEN, an Individual; NURSE DOE #21, an Individual; and DOES 1-100, Inclusive,<br><br>  Defendants. | Case No.: 07 CV 2229 WQH (WMC)<br><br>DEFENDANT RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn)'S ANSWER TO COMPLAINT |

## **ANSWER**

Defendant RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn) (hereinafter referred to as "Defendant"), for itself and itself only, admits denies and alleges as follows in response to Plaintiff's unverified complaint for damages:

1

DEFENDANT RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn)'S ANSWER TO COMPLAINT

(07 CV 2229)

**GENERAL ALLEGATIONS**

1. Defendant admits the allegations contained in paragraph 1 of the complaint.

2. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 2 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 2 of the complaint.

3. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 3 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 3 of the complaint.

4. Defendant generally and specifically denies the allegations contained in paragraph 4 of the complaint.

5. Defendant generally and specifically denies the allegations contained in paragraph 5 of the complaint.

6. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 6 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 6 of the complaint.

7. Defendant generally and specifically denies the allegations contained in paragraph 7 of the complaint.

8. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 8 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 8 of the complaint.

///

9. Defendant generally and specifically denies the allegations contained in paragraph 9 of the complaint.

10. Defendant generally and specifically denies the allegations contained in paragraph 10 of the complaint.

11. Defendant generally and specifically denies the allegations contained in paragraph 11 of the complaint.

12. Defendant generally and specifically denies the allegations contained in paragraph 12 of the complaint.

## **FACTUAL ALLEGATIONS**

13. Defendant generally and specifically denies the allegations contained in paragraph 13 of the complaint.

14. Defendant generally and specifically denies the allegations contained in paragraph 14 of the complaint.

15. Defendant generally and specifically denies the allegations contained in paragraph 15 of the complaint.

16. Defendant generally and specifically denies the allegations contained in paragraph 16 of the complaint.

17. Defendant generally and specifically denies the allegations contained in paragraph17 of the complaint.

18. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 18 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 18 of the complaint.

///

///

19. Defendant generally and specifically denies the allegations contained in paragraph 19 of the complaint.

20. Defendant generally and specifically denies the allegations contained in paragraph 20 of the complaint.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Constitutional Violations:
### Unreasonable Search and Seizure and Excessive Force
### As Against Defendants CITY OF HOLTVILLE, [OFFICER DOE] FORNEY, [OFFICER DOE] IP, AND DOES 1 through 50

21. Defendant incorporates by reference its response to the allegations contained in paragraphs 1-20 above, as though fully set forth herein.

22. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 22 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 22 of the complaint.

23. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 23 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 23 of the complaint.

24. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 24 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 24 of the complaint.

///

///

4

DEFENDANT RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn)'S ANSWER TO COMPLAINT

(07 CV 2229)

25. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 25 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 25 of the complaint.

26. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 26 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 26 of the complaint.

27. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 27 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 27 of the complaint.

28. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 28 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 28 of the complaint.

29. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 29 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 29 of the complaint.

30. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 30 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 30 of the complaint.

///

## SECOND CAUSE OF ACTION
**42 U.S.C. § 1983 Constitutional Violations --
Unlawful Policies, Customs or Habits
As Against Defendants CITY OF HOLTVILLE,
OFFICERS FORNEY and IP
And DOES 1 through 50**

31. Defendant incorporates by reference its response to the allegations contained in paragraphs 1-30 above, as though fully set forth herein.

32. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 32 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 32 of the complaint.

33. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 33 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 33 of the complaint.

34. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 34 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 34 of the complaint.

## THIRD CAUSE OF ACTION
**False Arrest
As Against Defendants CITY OF HOLTVILLE,
[OFFICER DOE] FORNEY, [OFFICER DOE] IP,
And DOES 1 through 50**

35. Defendant incorporates by reference its response to the allegations contained in paragraphs 1-34 above, as though fully set forth herein.

///

///

36. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 36 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 36 of the complaint.

37. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 37 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 37 of the complaint.

38. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 38 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 38 of the complaint.

**FOURTH CAUSE OF ACTION**
**Assault & Battery**
**as Against Defendants CITY OF HOLTVILLE,**
**[OFFICER DOE] FORNEY, [OFFICER DOE] IP,**
**And DOES 1 through 50**

39. Defendant incorporates by reference its response to the allegations contained in paragraphs 1-38 above, as though fully set forth herein.

40. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 40 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 40 of the complaint.

///
///
///

41. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 41 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 41 of the complaint.

42. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 42 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 42 of the complaint.

### FIFTH CAUSE OF ACTION
**Breach of Written Contract as Against**
**BLOSSOM VALLEY INN and DOES 51 through 100, Inclusive**

43. Defendant incorporates by reference its response to the allegations contained in paragraphs 1-42 above, as though fully set forth herein.

44. Defendant generally and specifically denies the allegations contained in paragraph 44 of the complaint.

45. Defendant generally and specifically denies the allegations contained in paragraph 45 of the complaint.

46. Defendant generally and specifically denies the allegations contained in paragraph 46 of the complaint.

47. Defendant generally and specifically denies the allegations contained in paragraph 47 of the complaint.

48. Defendant generally and specifically denies the allegations contained in paragraph 48 of the complaint.

///

///

8

DEFENDANT RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn)'S ANSWER TO COMPLAINT

(07 CV 2229)

**SEVENTH CAUSE OF ACTION**
**General Negligence**
**As Against Defendants CITY OF HOLTVILLE,**
**[OFFICER DOE] FORNEY, [OFFICER DOE] IP,**
**And DOES 1 through 50**

49. Defendant incorporates by reference its response to the allegations contained in paragraphs 1-52 above, as though fully set forth herein.

50. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 54 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 54 of the complaint.

51. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 55 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 55 of the complaint.

52. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 56 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 56 of the complaint.

53. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 57 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 57 of the complaint.

54. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 58 of the complaint and on that basis defendant generally and

9

DEFENDANT RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn)'S ANSWER TO COMPLAINT

(07 CV 2229)

specifically denies each and every allegation contained in paragraph 58 of the complaint.

### EIGHTH CAUSE OF ACTION
**General Negligence**
**As Against Defendants BLOSSOM VALLEY INN,**
**TINA TOTEN, [NURSE DOE #1] And DOES 51 through 100**

55. Defendant incorporates by reference its response to the allegations contained in paragraphs 1-58 above, as though fully set forth herein.

56. Defendant generally and specifically denies the allegations contained in paragraph 60 of the complaint.

57. Defendant generally and specifically denies the allegations contained in paragraph 61 of the complaint.

58. Defendant generally and specifically denies the allegations contained in paragraph 62 of the complaint.

59. Defendant generally and specifically denies the allegations contained in paragraph 63 of the complaint.

60. Defendant generally and specifically denies the allegations contained in paragraph 64 of the complaint.

### NINTH CAUSE OF ACTION
**Elder Neglect and Abuse**
**Violation of the Elder Abuse and Dependent Adult Civil Protection Act**
**As Against Defendants CITY OF HOLTVILLE,**
**[OFFICER DOE] FORNEY, [OFFICER DOE] IP,**
**And DOES 1 through 50; BLOSSOM VALLEY INN,**
**TINA TOTEN, [NURSE DOE #1] And DOES 51 through 100**

61. Defendant incorporates by reference its response to the allegations contained in paragraphs 1-64 above, as though fully set forth herein.

DEFENDANT RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn)'S ANSWER TO COMPLAINT

(07 CV 2229)

62. Defendant incorporates by reference the Court's Order of 4/30/08 Granting Defendant's Motion to Dismiss paragraphs 65-67 and 69-73 of the Ninth Cause of Action.

63. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 68 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 68 of the complaint.

64. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 74 of the complaint and on that basis defendant generally and specifically denies each and every allegation contained in paragraph 74 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Comparative Negligence)

Plaintiff did not conduct herself and did not manage and/or conduct her own affairs in a reasonable manner or as a reasonable person would have done in like or similar circumstances, and by reason of such conduct, Plaintiff legally caused and/or contributed, in whole or in part, to her own damages and losses, if any.

### THIRD AFFIRMATIVE DEFENSE

(Vicarious Comparative Negligence)

The damages referred to in the complaint were proximately caused by Plaintiff and/or others affiliated in some manner with Plaintiff, and at all relevant times herein, Plaintiff failed

to use and exercise, for her own protection, the proper care and precautions a reasonably prudent person under the same or similar circumstances would have exercised, and if these answering defendants committed any wrongful act at all, which supposition is made for the purpose of this defense (without admitting such to be fact), the aforesaid conduct by Plaintiff, and/or entities or persons associated with her, contributed to Plaintiff's alleged damages, if any.

### **FOURTH AFFIRMATIVE DEFENSE**

(Comparative Negligence of These Parties)

Should it be found that Defendant is liable in any manner for any damages claimed by Plaintiff which was caused and/or contributed to by parties other than Defendant, whether served or not served in this case, and/or other persons or entities not presently parties to this action, the proportionate degree of negligence, fault, and/or legal responsibility of each and every person or entity must be determined and prorated and any judgment which may be rendered against Defendant must be reduced not only by the degree of negligence, fault or legal responsibility attributable to plaintiff, but also by the total of that degree of negligence, fault and/or other legal responsibility found to exist as to the other parties, persons and/or entities as well.

### **FIFTH AFFIRMATIVE DEFENSE**

(Plaintiff Was the Legal Cause of her Own Injury)

Plaintiff did not conduct herself in a reasonable manner or as a reasonable person would have in like or similar circumstances, and, by reason of such conduct, Plaintiff's conduct constituted the sole legal cause of her own damages and losses, if any.

### **SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff's action is barred in whole or in part by the doctrine of unclean hands.

///

///

12

DEFENDANT RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn)'S ANSWER TO COMPLAINT

(07 CV 2229)

**SEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

At all relevant times herein, Plaintiff's conduct and/or that of persons and/or entities for whose conduct Plaintiff is vicariously and legally responsible, was such as to estop Plaintiff from seeking the relief prayed for in their complaint against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff waived any right to recover for the claims asserted in the complaint.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Any and all damages sustained by plaintiff, if any, are and were the direct and proximate result of Plaintiff's failure to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

(Non-joint Liability for Non-Economic Damages)

Should it be found that Defendant is in any manner legally responsible for any damages sustained by Plaintiff, which Defendant specifically denies, Defendant's liability for non-economic damages shall be several only and not joint, such that Defendants shall be liable only for the amount of non-economic damages allocated to Defendants in direct proportion to his/her percentage of fault.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiff's claims are barred by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

(Assumption of the Risk)

Plaintiff assumed the risk of the matters referred to in the complaint, knew and appreciated the nature of the risk, and voluntarily accepted the risk.

///

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Due Diligence)

Defendant exercised due diligence and relied in good faith on the representations of others, and was not aware of, nor had any way of becoming aware of, any alleged wrongdoing or omissions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Avoidable Consequence)

Plaintiff failed to take precautions which would have avoided and/or diminished the claimed injuries and damages, if any.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Offset)

Defendant is entitled to an offset in an amount equal to the amount of money, which plaintiffs or plaintiffs' health care providers received, or would have received had a claim been made, from any insurer(s) affording coverage for Plaintiff, and for money Plaintiff has received from Defendant or on behalf of Defendant or moneys owed to Defendant from the Plaintiff or anyone on her behalf.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiff may not recover against Defendant because Plaintiff delayed and waited an unreasonable time period before commencing this action, which has unduly prejudiced Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Periodic Payments)

Any recovery by the Plaintiff pursuant to the complaint and each purported cause of action therein are subject to statutory or contractual periodic payments.

///

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Collateral Sources)

That Plaintiff's complaint, and each purported cause of action contained or described in the complaint have been reimbursed to said Plaintiff by collateral sources.

**NINETEENTH AFFRIMATIVE DEFENSE**

(Indemnification)

Defendant contends that there is no basis for liability of Defendant to Plaintiff. However, without withdrawing that position, it alleges in the alternative that should this answering Defendant be found liable to Plaintiff on the complaint herein, this answering Defendant should, in whole or in part, be indemnified by the other Defendants, by those responsible persons, and/or entities who would be liable to Plaintiff if joined herein, according to the degree of involvement or responsibility for causing loss to Plaintiff; and by Plaintiff to the degree and extent of Plaintiff's own contributory negligence or to the extent Plaintiff is found to assume the position of any other responsible person and/or entity with whom Plaintiff has settled his claims separately or in any other manner have attempted to exonerate.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Failure to Join an Indispensable Party)

Plaintiff's complaint fails to state the names of all indispensable parties who are not joined and the reasons why they are not joined.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Reservation of Rights)

Defendant alleges as an Affirmative Defense that it intends to rely upon such other defenses as may become reasonably available hereafter or become apparent during discovery proceedings in this case and hereby reserves its right to amend its answer to assert any such defenses.

///

///

15

DEFENDANT RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn)'S ANSWER TO COMPLAINT

(07 CV 2229)

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury for all triable issues in this action.

WHEREFORE, Defendant RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn) (hereinafter referred to as "Defendant") prays for judgment as follows:

1. That Plaintiff take nothing by way of the complaint;
2. For judgment in favor of Defendant, including costs of suit together with attorney's fees; and
3. For such other and further relief as the Court deems just and proper.

Date: May 13, 2008                    **GIOVANNIELLO & MICHELS, LLP**

By:   /s/ Alexander F. Giovanniello
Alexander F. Giovanniello
Erika Fernbach
Attorneys for DEFENDANT,
RENESTER VILLA, LLC dba THE VALLEY INN n/k/a BLOSSOM VALLEY INN (erroneously sued and served as Blossom Valley Inn)